The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Edwin DARR, Defendant-Appellee.

No. 74–418.

Colorado Court of Appeals,
Div. III.

Nov. 28, 1975.

Rehearing Denied April 15, 1976.

Certiorari Granted June 14, 1976.

R. Dale Tooley, Dist. Atty., Brooke Wunnicke, Deputy Dist. Atty., Denver, for plaintiff-appellant.

No appearance by defendant-appellee.

Rollie R. Rogers, Public Defender, Thomas M. Van Cleave, III, Deputy Public Defender, Denver, amicus curiae.

ENOCH, Judge.

Defendant was charged with attempted theft of property valued at $100 or more, and, at the conclusion of the People's evidence in a trial to a jury, the court found the evidence uncontradicted that at the time defendant purchased the goods they had never in fact been stolen. It thereupon ruled that defendant had acted under a mistake of fact and that he was therefore entitled to be acquitted as a matter of law.

Pursuant to § 16–12–102, C.R.S.1973, the People appeal this ruling.

Specifically, the People present a single question of law for resolution on this appeal. It may be stated as follows: If the People present evidence demonstrative of all the required elements of theft under § 18–4–401, C.R.S.1973, except the element that the goods were actually stolen, may the defendant be prosecuted for attempted theft? We answer this question in the affirmative and therefore disapprove the ruling of the trial court.

## I.

First we note that the Public Defender urges that the appeal should be dismissed. He argues first that the record is inadequate for appellate review. We disagree. While the record before this court is incomplete, we have a sufficient factual framework to determine the specific legal question presented.

■ Second, the Public Defender notes that the trial court based its decision to grant a judgment of acquittal alternatively on the failure of the prosecution to prove that the value of the stolen goods exceeded $100, and he therefore concludes that the question of law is moot. Although the trial court did make the stated factual ruling, it also ruled as a matter of law that since the goods were not stolen the mental culpability required for a conviction for attempted theft could not be proven.

Under § 16–12–102, C.R.S.1973, the prosecution may appeal *any ruling* in a criminal case on a question of law which is prejudicial to the People. *People v. Wolff,* 111 Colo. 46, 137 P.2d 693. Accordingly, since this appeal is of a prejudicial ruling on a question of law and will provide explanation and give clarity to a question of law, appellate review is appropriate. *People v. Kirkland,* 174 Colo. 362, 483 P.2d 1349.

## II.

The question of law presented is one of first impression in this state. The results in jurisdictions which have considered this issue have been far from uniform. It is necessary to discuss these inconsistent approaches to this particular attempt crime in order to understand the background against which the pertinent provisions of the Colorado Criminal Code must be interpreted.

Some jurisdictions, following the principle set forth in the leading case of *People v. Jaffe,* 185 N.Y. 497, 78 N.E. 169, have taken the view that a person cannot be convicted for attempt, where the conduct he was attempting would not have amounted to a criminal offense had it been consummated—the defense of so-called legal impossibility. This is the result reached by the trial court which cited *Jaffe, supra.*

In *Jaffe,* the defendant bought an amount of cloth which he believed had been stolen, but which in fact had been recovered by the owner and sold to the defendant with the owner's consent. Under the New York Penal Code, a necessary element of the crime of receiving stolen property required that a person receive "any stolen property knowing the same to have been stolen." The New York Court of Appeals reasoned that the defendant could not have knowledge of a nonexistent fact, *i. e.,* he could not "know" the cloth was stolen since in fact it was not stolen. Hence the substantive crime of theft could not have been consummated where the material element of knowledge that the goods were stolen was absent. And, it therefore held there could be no conviction for attempt where the substantive crime could not have been consummated.

The distinction drawn in *Jaffe* expressed the commonly held view that in a prosecution for attempt it is no defense that the crime attempted was 'factually impossible," that is, the substantive crime was impossible because of some condition unknown to the defendant, while "legal impossibility" is a defense, as where even if the act were completed it would not be a crime. *People v. Rollino,* 37 Misc.2d 14, 233 N.Y.S.2d 580. Application of this distinction has,

however, perplexed the courts and led to irreconcilable decisions. *See U. S. v. Hair*, 356 F.Supp. 339 (D.D.C.); *People v. Rollino, supra*. Even certain courts which have chosen to follow *Jaffe* have expressed disenchantment with distinguishing so-called "legal" from so-called "factual" impossibility and have called for legislative change, citing as a model the attempt provision of the Model Penal Code. *See U. S. v. Hair, supra; People v. Rollino, supra; Booth v. State*, 398 P.2d 863 (Okl.Cr.).

In its definition of criminal attempt, the Model Penal Code § 5.01, expressly provides that a defendant is guilty of attempt where, when acting with the appropriate culpability, he "purposely does . . . anything which, under the circumstances as he believes them to be" amounts to a substantial step toward commission of the substantive crime. The comments to this section make it clear that its purpose is to eliminate the defense of impossibility altogether, noting that "the law of attempts is concerned not only with preventative arrest but also with manifestations of dangerous character." That same section of the Code does permit the court to dismiss the prosecution in the extreme case where neither the conduct nor the actor presents a "public danger." Model Penal Code § 5.- 01, Comment (Tent.Draft No. 10, 1958).

Similar legislative change has been effected in N.Y.Penal Law § 110.10, (Mc-Kinney 1975), which provides:

> "If the conduct in which a person engages otherwise constitutes an attempt to commit a crime . . . it is no defense to a prosecution for such attempt that the crime charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission, if such crime could have been committed had the attendant circumstances been as such person believed them to be."

While *Jaffe* has yet to be expressly overruled, it appears that even New York now allows conviction for attempt where a defendant believed he acted criminally regardless of whether the substantive crime was factually or legally impossible. *See People v. Bel Air Equipment Corp.*, 46 A. D.2d 773, 360 N.Y.S.2d 465.

In California the courts have not only criticized *Jaffe*, but have expressly rejected it. In *People v. Rojas*, 55 Cal.2d 252, 10 Cal.Rptr. 465, 358 P.2d 921 (1961), defendants were charged under a California statute with receiving "property which has been stolen . . . knowing the same to be so stolen." Their defense was that the property had been recovered prior to their receiving it, and that though they believed it to be stolen they could not be convicted of either attempt or the substantive crime, since the goods were not in fact stolen. The California Supreme Court rejected the *Jaffe* rationale and concluded that even though defendant could not be convicted of receiving stolen goods because the element of actual knowledge of the stolen character of the goods was missing, the attempt conviction was proper.

Since *Rojas*, other California cases have reiterated the principle that a defendant may be convicted of attempt if he believed he was receiving stolen goods, all other elements of the crime being present. This principle was applied even where the goods involved had never been stolen. *Lupo v. Superior Court*, 34 Cal.App.3d 657, 110 Cal.Rptr. 185; *People v. Parker*, 217 Cal. App.2d 422, 31 Cal.Rptr. 716; *People v. Meyers*, 213 Cal.App.2d 518, 28 Cal.Rptr. 753. *Contra, Young v. Superior Court*, 253 Cal.App.2d 848, 61 Cal.Rptr. 355. As the court said in *People v. Meyers, supra*, the California courts have not concerned themselves with the niceties of distinguishing factual and legal impossibility:

> "The hypothesis of the rule established in this state is that the defendant must have the specific intent to commit the substantive offense, and that under the circumstances, as he reasonably sees them, he does the acts necessary to consummate the substantive offense; but because of circumstances unknown to him, essential elements of the substantive

crime are lacking. . . . It is only when the results intended by the actor, if they happened as envisaged by him, would still not be a crime, then and only then, can he not be guilty of an attempt.

In the present case although the lists did not have the status of stolen property, and the defendant did not have actual knowledge that they were not stolen, he *believed* them to be stolen, and pursuant to such belief he did the acts that would have been necessary to consummate the substantive offense of receiving stolen property."

### III.

The defendant was charged with attempted theft, under the criminal attempt statute, § 18–2–101, C.R.S.1973. A criminal attempt occurs when a person "acting with the kind of culpability otherwise required for commission of an offense" takes a substantial step toward committing that offense. In this case the relevant kind of culpability is found in § 18–4–401:

"A person commits theft when he knowingly obtains or exercises control over anything of value of another . . . knowing said thing of value to have been stolen . . .."

The Colorado Criminal Code addresses the problem of how mistake relates to culpability in two sections. The section on attempt, § 18–2–101, C.R.S.1973, provides specifically:

"Factual or legal impossibility of commiting the offense is not a defense if the offense could have been committed had the attendant circumstances been as the actor believed them to be . . .."

An additional section addresses the relevance of mistake of fact to criminal liability generally, § 18–1–504, C.R.S.1973, which states in pertinent part:

"(1) A person is not relieved of criminal liability for conduct because he engaged in that conduct under a mistaken belief of fact, unless: (a) It negatives the existence of a particular mental state es-

sential to the commission of the offense; . . .."

The trial court felt that these two sections, §§ 18–2–101 and 18–1–504, C.R.S.1973, were inconsistent. However, we find that by utilizing the rules of statutory construction these sections may be harmonized.

Both of these sections were enacted at the same time by the same legislative act, Colo.Sess.Laws 1971, ch. 121, 40–1–604 at 404, 40–2–101 at 414, so obviously the legislature intended them to be harmonious. *See Aspen v. Howell,* 170 Colo. 82, 459 P.2d 764. The legislature enacted § 18–1–504, C.R.S.1973, as a general statute of mistake of fact, while it adopted § 18–2–101, C.R.S.1973, on criminal attempt, as a specific statute. Applying the general rule of statutory construction that a specific statute prevails over a general one, *Shoenberg Farms, Inc. v. People ex rel. Swisher,* 166 Colo. 199, 444 P.2d 277; *Burton v. City and County of Denver,* 99 Colo. 207, 61 P.2d 856, we conclude that the legislature intended that the defense of factual or legal impossibility not be available in an *attempt* prosecution.

This construction is strengthened by the fact that the attempt provision was drawn from a proposed federal criminal code submitted to the President and Congress in 1971 by the National Commission on Reform of Federal Criminal Laws. *See* 1971 Perm.Supp., C.R.S.1963, 40–2–401 and comments thereto. The working papers of the National Commission make it clear that the attempt section was drafted to exclude the defense of impossibility where a person receives goods mistakenly believing them to be stolen. The reasons for this approach are that in such a case: (1) Criminal purpose had been clearly demonstrated, (2) the actor has gone as far as he can in implementing the criminal purpose and (3) consequently the actor's dangerousness to society is manifested. Exclusion of the defense of impossibility is not intended to permit prosecuting the person who thinks he is violating a law when in fact no such law exists. I *Working Papers of the Na-*

*tional Commission on Reform of Federal Criminal Laws,* at 360–361 (1970); *See also* Model Penal Code § 5.01. Comment (Tent.Draft No. 10, 1958).

█ The legislature, in its exclusion of the defense of impossibility in the attempt statute, obviously intended that the culpability required under the theft statute be interpreted accordingly. California faced the same problem in construing its theft statute which required that the defendant receive "property which has been stolen . . ., *knowing* the same to be so stolen," after the defense of impossibility had been rejected. As indicated above California resolved this by upholding convictions for attempt, where a defendant *believed* that the goods were stolen and did all the acts necessary for the substantive crime of receiving stolen property. By applying this interpretation the three Colorado statutes involved may be effectively harmonized. Hence, a defendant may not rely on the defense of legal impossibility in an attempt prosecution, but may, of course, raise the defense of general mistake of fact by alleging that he never believed the goods were stolen.

Thus, it is our conclusion that the Colorado Criminal Code adopts the position taken by the proposed federal criminal laws, the Model Penal Code, the present New York Penal Law, and the California courts, thereby rejecting the *Jaffe* rationale.

█ From the limited findings of the trial court it would appear that defendant received certain things of value which he apparently believed to be stolen, and that had the circumstances been as he believed them to be, there would be no question but that the requisite culpability existed. The fact that the items were not in fact stolen does not provide a defense to attempted theft where the defendant believed they were stolen. The trial court erred in reaching the opposite conclusion, and that ruling is disapproved.

SMITH and RULAND, JJ., concur.