**No. C-976**

### Edwin Darr v. The People of the State of Colorado

(568 P.2d 32)

Decided August 15, 1977.

Donald N. Pacheco, for petitioner.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, amicus curiae for petitioner.

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, Thomas P. Casey, Deputy, Leland P. Anderson, Deputy, for respondent.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant Darr was charged with attempted felony theft by receiving jewelry valued at $100 or more. *See* sections 18-2-101 and 18-4-401, C.R.S. 1973. Trial was to a jury. At the close of the prosecution's case, the trial court granted the defendant's motion for judgment of acquittal. Pursuant to section 16-12-102, C.R.S. 1973, the district attorney appealed to the court of appeals which disapproved the trial court's ruling and judgment of acquittal. *People v. Darr*, 37 Colo. App. 143, 551 P.2d 735 (1975).

We granted the defendant Darr's petition for certiorari. After review, we affirm the court of appeals disapproval of the trial court's judgment of acquittal.

Uncontradicted evidence revealed that the jewelry which was sold to the defendant by two policemen who represented it as being stolen, had never been stolen. In granting the defendant's motion for judgment of acquittal, the trial court ruled that the defendant had acted under a mistake of fact and was entitled to be acquitted as a matter of law. This trial court ruling is not in accord with the generally accepted rule in attempt cases, and is contrary to the clear provisions of our criminal attempt statute. Section 18-2-101(1), C.R.S. 1973.

Whether the mistaken belief that goods are stolen is a defense to attempted theft by receiving is a question of first impression in Colorado, although appellate courts of other states have addressed it.[1]

In the early years of this century, some jurisdictions held that the mistaken belief that an object was stolen was a mistake of law and a defense to attempted theft by receiving. A case frequently cited for this holding is *People v. Jaffe*, 185 N.Y. 497, 78 N.E. 169, *reh. denied*, 186 N.Y.

---

[1] *See* Annot., 37 A.L.R. 3d 375 (1971) for representative cases.

560, 79 N.E. 1113 (1906). The *Jaffe* court reasoned that because an element of the completed crime required that the goods be stolen, the fact that the goods were not stolen was a defense to the completed crime. Consequently, an attempt to do an act which would not be criminal if completed could not itself be criminal regardless of the actor's intent. The *Jaffe* line of cases has now been generally rejected. The modern trend is to hold that a mistake of fact is not a defense to attempted theft by receiving. Some courts have undertaken to remedy the *Jaffe* rule through statutory interpretation[2] while other courts, including New York's, have requested legislative change.[3]

Corrective legislation usually takes a form similar to the Model Penal Code or the New York Penal Code's formulations of an attempt statute.[4]

---

[2]California courts have repudiated the *Jaffe* rule even without the benefit of legislation eliminating the mistake defense for attempt crimes. *Cf.* Calif. Penal Code Annot. §26(4), 664 (West 1970). The leading case involving attempted theft by receiving is *People v. Rojas*, 55 Cal.2d 252, 358 P.2d 921, 10 Cal. Rptr. 465 (1961), which has been followed most recently in *People v. Moss*, 55 Cal. App.3d 179, 127 Cal. Rptr. 454 (1976).

[3]In *People v. Rollino*, 37 Misc.2d 14, 233 N.Y.S.2d 580 (1962), the New York court criticized the *Jaffe* rule, referring to the California cases (see n. 2 *supra*) for their "progressive and more modern view," and requested the legislature to remedy the rule by adopting the Model Penal Code's attempt statute. The court felt itself bound by case law precedent to follow the *Jaffe* rule. In 1965, the New York legislature responded with what is now section 110.10 of the New York Penal Laws (McKinney 1975):

"If the conduct in which a person engages otherwise constitutes an attempt to commit a crime pursuant to section 110.00, it is no defense to a prosecution for such attempt that the crime charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission, if such crime could have been committed had the attendant circumstances been as such person believed them to be."

The "Practice Commentary" for this section states that the statute nullifies the *Jaffe* rule:

"While the distinction between factual and legal impossibility is not always clear-cut, the case law of New York appears to have been that factual impossibility did not constitute a defense to a prosecution for attempt, but that legal impossibility did. (*People v. Rollino*, 1962, 37 Misc.2d 14, 233 N.Y.S. 2d 580).

"If such was the law, this section changes it by equally rejecting both brands of impossibility as a defense upon the theory that neither detracts from the offender's culpability."

No attempted theft by receiving cases have been reported since its passage, but one case involving attempted grand larceny has cited the section. *People v. Bel Air Equip. Corp.*, 46 App. Div.2d 773, 360 N.Y.S.2d 465 (1974), *aff'd*, 39 N.Y.2d 48, 346 N.E.2d 529, 382 N.Y.S.2d 728, (1976) (appealed on another issue). *See also United States v. Hair*, 356 F. Supp. 339 (D.D.C. 1973); *Booth v. State*, 398 P.2d 863 (Okla. Crim. 1964).

[4]Other states which have legislatively eliminated the defense of impossibility for attempt crimes include Arkansas, Ark. Stat. §41-701 (1976 Supp.); Connecticut, Conn. Gen. Stat. Ann. §53a-49 (1977); Delaware, Del. Code Ann. tit. 11 §531 (1974); Georgia, Ga. Code Ann. §26-1002 (1972); Hawaii, Hawaii Rev. Stat. §705-500 (1975 Supp.); Illinois, Ill. Ann. Stat., ch. 38, §8-4 (1972); Indiana, Ind. Stat. Ann. §35-41-5-1 (1976 Supp.); Kansas, Kan. Stat. Ann. §21-3301 (1974); Kentucky, Ky. Rev. Stat. §506.010; Louisiana, La. Stat. Ann. §14.27 (1974); Maine, Maine Rev. Stat. Ann. tit. 17-A §152 (1976 Supp.); Minnesota, Minn. Stat. §609.17 (1974); Montana, Rev. Code Mont. §94-4-103 (1975 Supp.); New Hampshire, N.H. Rev. Stat. Ann. 629:1 (1973 Supp.); North Dakota, N.D. Cen. Code §12.1-06-01; Ohio, Ohio Rev. Code Ann. §2923.02 (1975); Oklahoma, Okla. Stat. Ann. tit. 21 §44 (1976 Supp.); Oregon, Ore. Rev. Stat. §161.425 (1975); Pennsylvania, Pa. Stat. Ann. tit. 18 §901 (1973); Utah, Utah Code Ann. §76-4-101 (1975 Supp.); and Washington, Rev. Code Wash. §9A.28.020 (1976).

These statutes define three elements of the offense of attempt: (1) culpability required to commit the completed offense; (2) intent to commit the offense; and (3) a substantial step toward completion of the offense. Both codes specifically provide that impossibility is no defense if a completed offense could have occurred had circumstances been as the accused *believed* them to be. Commentaries accompanying each of these sections express the opinion that the sections nullify the *Jaffe* rule.[5] We find these commentaries persuasive.

Colorado's attempt statute closely resembles these statutes: "A person commits criminal attempt if, acting with the kind of culpability otherwise required for commission of an offense, he intentionally engages in conduct constituting a substantial step toward commission of the offense. . . . Factual or legal impossibility of committing the offense is not a defense if the offense could have been committed had the attendant circumstances been as the actor believed them to be. . ." 18-2-101(1), C.R.S. 1973.

The crime which the defendant was charged with attempting was theft by receiving:

"A person commits theft when he knowingly obtains or exercises control over anything of value of another . . . knowing said thing of value to have been stolen, and: (a) Intends to deprive the other person permanently of the use or benefit of the thing of value. . ." 18-4-401(1), C.R.S. 1973.[6]

---

[5]*see* n. 3, *supra*, for commentary on the New York revision. Section 5.01 of the Model Penal Code provides:
"A person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for commission of the crime, he:
"(a) purposely engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be . . ."
The commentary states:
"The purpose of this paragraph is to reverse the results in cases where attempt convictions have been set aside on the ground that it was legally impossible for the actor to have committed the crime contemplated. These decisions held:
"That a person accepting goods which he believed to have been stolen, but which were not then 'stolen' goods, was not guilty of an attempt to receive stolen goods."
*People v. Jaffe, supra*, is cited as an example of one of these decisions.
*See also*, Wechsler, Jones and Korn, *The Treatment of Inchoate Crimes in the Model Penal Code of the American Law Institute: Attempt, Solicitation, and Conspiracy*, 61 Colum. L. Rev. 571 (1961).
[6]Another statute in effect at the time also prohibited receiving stolen goods:
"Every person who obtains control over any stolen thing of value, knowing the thing of value to have been stolen by another, may be tried, convicted, and punished whether or not the principal is charged, tried, or convicted." 18-4-404, C.R.S. 1973.
In 1975 section 401 was amended to eliminate the receiving element and a new theft by receiving statute was enacted. 18-4-410, C.R.S. 1973 (1976 Supp.). This section is at issue in the case of *People v. Holloway,* 193 Colo. 450, 568 P.2d 29, announced simultaneously with this opinion.

Here, the defendant did every act within his power to commit the offense of theft by receiving and would have committed the completed offense had the jewelry been stolen as he believed it to be. These acts evidenced an intent to commit the offense, and the defendant comes within the letter of the attempt statute. We agree with the opinion of the California court in its leading case, *People v. Rojas*, 55 Cal.2d 252, 358 P.2d 921, 10 Cal. Rptr. 465 (1961):

"In our opinion the consequences of intent and acts such as those of defendants here should be more serious than pleased amazement that because of the timeliness of the police the projected criminality was not merely detected but also wiped out."

It is irrelevant whether the goods are recovered stolen goods or have never been stolen.[7] The intent and acts of the defendant, not the surrounding circumstances, are the crucial elements of the attempt offense, as the provision prohibiting the defense of impossibility for attempt crimes makes clear.[8]

Defendant claims that the section allowing a defense of mistake of fact where the mistake "negatives the existence of a particular mental state essential to commission of the offense" exculpates him. Section 18-1-504(1)(a), C.R.S. 1973. Both the trial court and the court of appeals, as well as the defendant, seemed to believe that the mistake section and the attempt section conflict — the first, allowing mistake as a defense here, and the second prohibiting the defense. We disagree.

The pertinent portion of the mistake section applies only to mistakes which "negative" the existence of a mental state essential to the commission of an offense. The portion of the attempt statute which provides that impossibility "is not a defense if the offense could have been committed had the attendant circumstances been as the actor believed them to be," in effect substitutes "believing" the goods to be stolen, the element of culpability required in attempted theft by receiving, for "knowing" the goods to be stolen, the element of culpability for a completed theft by receiving. Here, the defendant's mistake, far from negativing his belief that the goods were stolen, *established* the requisite mental state.

---

[7] One California case, *Young v. People*, 253 Cal. App.2d 848, 61 Cal. Rptr. 355 (1967), allowed the mistaken belief that goods were stolen to be a defense where the goods used as bait had never been stolen. *Young* distinguished its situation from *Rojas* and other California cases which had rejected the defense solely on the basis that the goods in the previous cases had been stolen and recovered before being used as bait. Two subsequent California cases have criticized *Young* as an aberration, irreconcilable with the California Supreme Court's reasoning in *Rojas. People v. Moss, supra*, at n. 2; *Lupo v. Superior Court*, 34 Cal. App.3d 657, 110 Cal. Rptr. 185 (1973). *Young* is at odds with the modern formulations of the attempt offense which emphasize the actor's intent and acts as the basis for punishment, not surrounding circumstances.

[8] *See* Wechsler, Jones and Korn, *Inchoate Crimes, supra*.

Had he not been mistaken, he would have known that the goods were not stolen and would have lacked the culpable mental state. The mistake section simply does not apply.

The judgment of the court of appeals is affirmed.

MR. JUSTICE GROVES does not participate.