**STATE of Minnesota, Plaintiff,**

v.

**Leon BIRD a.k.a. Lee Allen and James Herlofsky, Defendants.**

No. 50085.

Supreme Court of Minnesota.

Nov. 2, 1979.

Rehearing Denied Nov. 29, 1979.

Warren Spannaus, Atty. Gen., St. Paul
Thomas L. Johnson, County Atty., Vernon
E. Bergstrom, Chief, Appellate Div., David
W. Larson, Asst. County Attys., and Thom-
as A. Weist and Janeen E. Rosas, Law
Clerks, Minneapolis, for plaintiff.

Lawrence G. Rapoport, Minneapolis, for
Herlofsky.

John R. Wylde, Minneapolis, for Bird.

SHERAN, Chief Justice.

This is a prosecution of defendants for attempted theft, attempted receipt of stolen property, conspiracy to commit theft, and conspiracy to receive stolen goods, Minn.Stat. §§ 609.17, 609.175, 609.52, subds. 2(1) and 3(2), and 609.53, subd. 1(1) (1978). The district court has certified to this court for pretrial decision pursuant to R. 29.02, subd. 4, R.Crim.P., the question whether the defense of legal impossibility applies in these prosecutions in which, if the facts stated in the complaint are true, defendants paid money to a police informant in order to obtain property which in fact was not stolen but which was represented to them by the informant as being stolen. The district court, in denying the motion to dismiss, stated its opinion that the defense of legal impossibility does not apply. We hold that the defense of legal impossibility does not bar defendants' prosecution for either attempt or conspiracy; accordingly, we affirm the order denying the motion to dismiss and we remand for trial.

Courts traditionally have distinguished among factual impossibility, legal impossibility and inherent impossibility. All courts are in agreement that so-called factual impossibility (in which an actor is unable to accomplish something because of facts unknown to him) is not a defense to a charge of attempt; on the other hand, courts traditionally have held that legal impossibility (in which even if the actor does everything he intended to do he yet will not have committed a crime) and inherent impossibility (in which an actor uses means which a reasonable person would view as completely inappropriate to the objectives sought) are defenses to a charge of attempt. W. LaFave and A. Scott, Jr., Criminal Law § 60.

In recent years many courts, commentators, and the drafters of the Model Penal Code (see § 5.01) have either criticized or rejected the defense of legal impossibility, and thus it is not surprising that when the Minnesota Criminal Code was revised the drafters decided to eliminate the defense of legal impossibility (though not of inherent impossibility). The legislature did this by providing in subdivision 2 of the attempt statute [Minn.Stat. § 609.17 (1978)] that an act may be an attempt "notwithstanding the circumstances under which it was performed or the means employed to commit the crime intended or the act itself were such that the commission of the crime was not possible, unless such impossibility would have been clearly evident to a person of normal understanding."[1]

Whereas courts traditionally have taken the view that legal impossibility is a defense to a charge of attempt, they generally have not been receptive to the defense when the charge is conspiracy. W. LaFave and A. Scott, Jr., Criminal Law § 62. This fact explains why the drafters of the revised Minnesota Criminal Code did not feel the need for explicitly rejecting the defense of impossibility in the context of conspiracy as in the context of attempt. Rejection of the defense in the context of a conspiracy prosecution is consistent with the approach which we have taken in interpreting the conspiracy statute as permitting a conviction of conspiracy even though the person with whom the defendant conspired feigned agreement and at no time intended to go

---

1. While the legislature therefore clearly intended that the defense of legal impossibility not apply to prevent a prosecution for attempt, we of course will carefully scrutinize the evidence of intent in any appeal challenging the conviction of attempt in which the defense of legal impossibility traditionally would have applied. See Enker, *Impossibility in Criminal Attempts—Legality and the Legal Process,* 53 Minn.L.Rev. 665 (1969).

through with the plan. *See State v. St. Christopher,* 305 Minn. 226, 232 N.W.2d 798 (1975).

In summary, we hold that the district court correctly concluded that the defense of legal impossibility may not be invoked to bar a prosecution for attempt under § 609.-17 or conspiracy under § 609.175.

Remanded for trial.