No. 53,563

STATE OF KANSAS, *Appellant*, v. JOHN A. STERLING, *Appellee.*

(640 P.2d 1264)

Opinion filed February 27, 1982.

*Joel B. Jackson,* assistant county attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *William H. Pringle,* county attorney, were with him on the brief for appellant.

*Michael C. Brown,* of Brown & Brown, of Great Bend, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: This appeal by the State from an order of the Barton District Court dismissing the action presents a single issue: Does stolen property lose its identity as stolen property when it is recovered by law enforcement officers? We conclude that it does.

Glendon Roach of Great Bend was the owner of a Smith and Wesson .9 mm. automatic pistol which was stolen by Harold Stevenson on January 8, 1981. Stevenson and James Hulett sold the gun to James Newkirk. Barton County sheriff's officers recovered the weapon from Newkirk and took possession of it on January 17, 1981. Later that same day, Stevenson and Hulett were arrested for parole violation.

Believing that the defendant, John Sterling, was fencing stolen firearms, the officers worked out a "deal" with Stevenson and Hulett. The officers would turn the "stolen" Smith and Wesson pistol over to Stevenson and Hulett, and they would attempt to sell it to Sterling. Stevenson phoned Sterling and told him that he (Stevenson) had a "hot" gun; they agreed to meet later in a local park. Stevenson, equipped with a transmitter so that the police could monitor the events, met Sterling as scheduled and Sterling bought the weapon. Sterling was arrested shortly thereafter while returning to his home. He was charged with theft as defined by K.S.A. 1980 Supp. 21-3701:

"Theft is any of the following acts done with intent to deprive the owner permanently of the possession, use or benefit of the owner's property:
. . . ."

"(*d*) Obtaining control over *stolen property* knowing the property to have been stolen by another." (Emphasis supplied.)

The other offenses included within the statute, in subsections (*a*), (*b*) and (*c*), all relate to the obtaining control over "property"; subsection (*d*), as noted above, proscribes the obtaining of control over "stolen property." "Stolen property" is defined by K.S.A. 1980 Supp. 21-3110(23) as "property over which control has been obtained by theft."

The gun was first stolen from its owner by Stevenson, who thus obtained control by theft. He then sold it to Newkirk, from whom the sheriff's officers recovered it for the owner, Roach. The law enforcement officers act as agents for the owner; as such they have the right of possession. The gun, once in the hands of the officers, had thus been recovered and was no longer "stolen property." The officers placed it in the possession of Stevenson; his possession and control, at the time he sold the gun and transferred it to Sterling, was not obtained by theft, but by consent.

Perhaps the leading case on the subject is *U. S. v. Monasterski,* 567 F.2d 677 (6th Cir. 1977). Judge Celebrezze, in his unanimous opinion for the court, said:

"The rule that one cannot be convicted of receiving stolen goods if, before the stolen goods reached the would-be receiver, the goods had been recovered by their owner or his agent had its genesis in two nineteenth century English cases. *Regina v. Schmidt,* L.R. 1 Cr. Cas. Res. 15 (1866); *Regina v. Dolan,* 29 Eng. Law & Eq. 533 (1855).

"The rule in *Schmidt* and *Dolan* has been almost universally adopted by the state courts in this country presented with the same question. A leading early state court case on point is *People v. Jaffe,* 185 N.Y. 497, 78 N.E. 169 (1906). In *Jaffe,* the New York Court of Appeals . . . noted that the defendant had the requisite criminal intent but that he could not know the goods were stolen, as required by the statute, since, in fact, they were not stolen. The Court added that the reprehensible nature of one's actions is irrelevant in a criminal case if one has not done the act forbidden by the law.

"The earliest apposite reported federal case our research has uncovered is *United States v. DeBare,* 25 F. Cas. 796 (No. 14,935) (D.C.E.D. Wis. 1875). In *DeBare,* postage stamps had been stolen by a thief who intended to purvey them to the defendant. The thief was caught, however, and the stamps returned to the local postmaster. Pursuant to a scheme not unlike that in the instant case, the stamps were subsequently sent along to the defendant, who was charged with receiving stolen goods. The District Court noted that the defendant's *mens rea* was precisely that required for conviction under the statute but held that the defendant had not committed the forbidden act. Under the authority of *Schmidt* and *Dolan,* the Court held that the recovered stamps had lost their status as stolen goods and thus could not support a conviction.

. . . .

"In summary, we hold that, in accord with the common law rule, one cannot be convicted of receiving stolen goods when actual physical possession of the stolen goods has been recovered by their owner or his agent before delivery to the intended receiver. We further hold, also in accord with the common law rule, that the term "agent" means any person with a right to possession or control over the goods." 567 F.2d at 679-680, 684.

We have found no cases directly supporting the State's position here. On the contrary, the rule followed in *Monasterski* is a general rule which has been followed in many American courts. See *United States v. Dove,* 629 F.2d 325 (4th Cir. 1980); *United States v. Cawley,* 255 F.2d 338, 340 (3rd Cir. 1958); *State v. Vitale,* 23 Ariz. App. 37, 530 P.2d 394 (1975); *People v. Rojas,* 55 Cal. 2d 252, 10 Cal. Rptr. 465, 358 P.2d 921 (1961); *People v. Jaffe,* 185 N.Y. 497, 78 N.E. 169 (1906); *Booth v. State,* 398 P.2d 863 (Okla. Crim. 1965); 76 C.J.S., Receiving Stolen Goods § 5(a)(2); and 66 Am. Jur. 2d, Receiving Stolen Property § 7.

The trial court followed the *Monasterski* rule and we conclude that it was correct in doing so. The distinguishing and essential elements of the offense defined by Section 3701(d) are that the property be *stolen property,* and that the accused knows it to have been stolen. Even though Sterling *thought* it was stolen, and even though he had the requisite intent, the gun was in fact not "stolen property" at the time Sterling acquired it.

The reprehensible nature of Sterling's act and intent is not enough to support his conviction of the offense charged since he has not done the act proscribed by the statute. The defendant cannot be convicted of theft under K.S.A. 1980 Supp. 21-3701(*d*) when actual physical possession of the gun was recovered by law enforcement officers and it lost its character as "stolen property" before he acquired it.

The judgment is affirmed.