No. 54,775

and

No. 54,776

(Consolidated)

STATE OF KANSAS, *Appellant,* v. J. DAVID LOGAN and JIM KEVIN CROMWELL, *Appellees.*

(656 P.2d 777)

Opinion filed
January 14, 1983.

*C. William Ossmann,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Gene M. Olander,* district attorney, were with him on the brief for appellant.

*John C. Humpage,* of Humpage, Berger and Hoffman, of Topeka, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

MCFARLAND, J.: This is a direct appeal by the State, pursuant to K.S.A. 22-3602(*b*)(1), from the dismissals of two criminal complaints. The two cases were consolidated on appeal by virtue of the same issue being presented in each. This issue is whether the enactment of K.S.A. 21-3301(2) eliminated the doctrine of legal impossibility as a defense to an attempt charge. It is a question of first impression.

The dismissal in each case occurred prior to preliminary hearing. For purposes only of determination of the defense motions to dismiss, counsel stipulated that the facts set forth in the prosecutor's supporting affidavits attached to the complaints should be taken as true. In accordance with said stipulation, the facts are as follows. On July 14, 1981, defendant Jim Kevin Cromwell purchased a cassette player from a police operative. On January 18, 1982, defendant Cromwell purchased an in-dash tape player from a police operative. On each occasion the police operative was wired for sound and the transaction was recorded on tape. Cromwell was advised the articles were stolen prior to

his purchase thereof. In actuality the items were not stolen but had been acquired by the Topeka Police Department for use in investigations of suspected local fencing operations. Each item purchased by Cromwell had a value in excess of $100.

The facts as to defendant J. David Logan are essentially the same except the purchases occurred on January 13 and 18, 1982, and involved an in-dash tape player on each occasion. All four incidents are separate and unrelated to each other. Cromwell and Logan were each charged with two counts of attempted felony theft pursuant to K.S.A. 21-3301 and K.S.A. 21-3701(d).

The district court held that the fact the items purchased by defendants were not actually stolen property rendered the crimes of attempted theft, predicated upon obtaining control over stolen property, legally incapable of commission. The court then concluded that legal impossibility continues to be a viable defense in Kansas and mandated dismissal of the charges herein. We do not agree.

Before proceeding, however, a brief background discussion of the impossibility defense is appropriate. Impossibility defenses have generally been classified as either factual or legal in nature. In *United States v. Conway*, 507 F.2d 1047 (5th Cir. 1975), the distinction between legal and factual impossibility is described as follows:

"Legal impossibility occurs when the actions which the defendant performs, or sets in motion, even if fully carried out as he desires, would not constitute a crime. Thus, an indictment for attempted rape can be defeated by showing that the woman the defendant attempted to ravish was his wife. . . .

"Factual impossibility denotes conduct where the objective is proscribed by the criminal law but a circumstance unknown to the actor prevents him from bringing it about. The classic example is the thief who picks an empty pocket. When criminal liability has been imposed for attempt where factual circumstances precluded commission of the intended crime, proof of intent to commit a specific crime has generally been emphasized, United States v. Berrigan, 3 Cir., 1973, 482 F.2d 171 [21 A.L.R. Fed. 105 (1973)]." 507 F.2d at 1050.

For another example illustrating the difference between the two concepts, let us assume A fires shots into a bed believing his enemy B is asleep thereon. If B were in fact dead rather than asleep on the bed when the shots were fired, the doctrine of legal impossibility would be applicable. If however, B heard A coming and was hiding in the closet when the shots were fired, then a case of factual impossibility is presented.

Our research has not revealed an instance where an American court has ever recognized factual impossibility as a defense to an attempt charge. All parties hereto agree that legal impossibility has long been recognized as a defense in Kansas to attempt charges. See *In re Schurman, Petitioner,* 40 Kan. 533, 20 Pac. 277 (1889), and *State v. Visco,* 183 Kan. 562, 331 P.2d 318 (1958).

The dispute before us concerns whether the 1969 enactment of K.S.A. 21-3301(2) is a codification of, or a change in, existing law relative to impossibility defenses. The statute provides in relevant part:

"K.S.A. 21-3301. **Attempt.** (1) An attempt is any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime.

"(2) It shall not be a defense to a charge of attempt that the circumstances under which the act was performed or the means employed or the act itself were such that the commission of the crime was not possible."

The State contends that by enacting K.S.A. 21-3301(2) the Legislature clearly declared that impossibility in any form was not a defense to attempt charges. In partial support of this position is the following 1968 Judicial Council comment relative to subsection 2:

"Subsection (2) attempts to clarify the law relating to impossibility as a defense. We now [1968] attempt to observe the distinction between legal impossibility and factual impossibility. (*State v. Visco,* 183 Kan. 562 [331 P.2d 318 (1958)].) The distinction is confusing and seems to serve no useful purpose."

Defendants argue that K.S.A. 21-3301(2) is a codification of existing law and merely reaffirms the distinction between legal and factual impossibility. Under defendants' interpretation of the statute reference to "circumstances under which the act was performed" and "means employed" relate only to factual impossibility. Defendants further contend the statute's reference to "or the act itself" is vague and meaningless.

It is certainly true, as pointed out by defendants, that some state legislatures have abolished the legal impossibility defense in language leaving no room for debate. See Wash. Rev. Code § 9A.28.020(2) (1981): ". . . it is no defense . . . that the crime . . . was . . . factually or legally impossible of commission." See also N.Y. Penal Law § 110.10 (McKinney 1975). However this is not determinative of the issue before us.

The Minnesota statute, upon which our K.S.A. 21-3301(2) is

patterned, is Minn. Stat. Ann. § 609.17 (West 1964) which provides:

"**Subd. 2.** An act may be an attempt notwithstanding the circumstances under which it was performed or the means employed to commit the crime intended or the act itself were such that the commission of the crime was not possible, unless such impossibility would have been clearly evident to a person of normal understanding."

In *State v. Bird*, 285 N.W.2d 481 (Minn. 1979), the Minnesota Supreme Court was confronted by the following certified question from a state district court:

"[W]hether the defense of legal impossibility applies in these prosecutions in which, if the facts stated in the complaint are true, defendants paid money to a police informant in order to obtain property which in fact was not stolen but which was represented to them by the informant as being stolen." 285 N.W.2d at 482.

The Minnesota statute contains a clause not found in K.S.A. 21-3301(2)—the last phrase commencing with "unless such impossibility." Such phrase was held in *Bird* to create a third type of impossibility—inherent impossibility. In discussing the three types, the Minnesota Supreme Court stated:

"All courts are in agreement that so-called factual impossibility (in which an actor is unable to accomplish something because of facts unknown to him) is not a defense to a charge of attempt; on the other hand, courts traditionally have held that legal impossibility (in which even if the actor does everything he intended to do he yet will not have committed a crime) and inherent impossibility (in which an actor uses means which a reasonable person would view as completely inappropriate to the objectives sought) are defenses to a charge of attempt." 285 N.W.2d at 482.

An example of inherent impossibility contained in the Minnesota statutory comment is trying "to sink a battleship with a pop-gun."

The Minnesota Supreme Court concluded:

"In recent years many courts, commentators, and the drafters of the Model Penal Code (see § 5.01) have either criticized or rejected the defense of legal impossibility, and thus it is not surprising that when the Minnesota Criminal Code was revised the drafters decided to eliminate the defense of legal impossibility (though not of inherent impossibility). The legislature did this by providing in subdivision 2 of the attempt statute [Minn. Stat. § 609.17 (1978)] that an act may be an attempt 'notwithstanding the circumstances under which it was performed or the means employed to commit the crime intended or the act itself were such that the commission of the crime was not possible, unless such

impossibility would have been clearly evident to a person of normal understanding.' " 285 N.W.2d at 482.

The overwhelming trend in recent years has been the abolition of legal impossibility as a defense. In *State v. Rios*, 409 So.2d 241, 244-45 (Fla. Dist. Ct. App. 1982), the Florida appellate court compiled a list of 32 states and 1 federal circuit which have abolished the defense. Interestingly, Kansas is included thereon with specific reference to K.S.A. 21-3301(2). The Colorado Supreme Court has likewise compiled a list of states which have legislatively abrogated legal impossibility as a defense and has included Kansas thereon. *Darr v. People*, 193 Colo. 445, 447, 568 P.2d 32 (1977).

We believe the legislative intent in enacting K.S.A. 21-3301(2) was to eliminate the often confusing distinction between legal and factual impossibility and thereby join the modern trend of abolition of legal impossibility as a defense. K.S.A. 21-3301(2) makes no distinction between the two types of impossibility and, when ordinary meaning is ascribed to each word utilized therein, the meaning is clear—impossibility is not a defense to an attempt charge.

After careful consideration of K.S.A. 21-3301(2) in its entirety, we conclude said statute: (1) codified existing law that factual impossibility is not a defense to an attempt charge; and (2) eliminated legal impossibility as a defense to an attempt charge. Accordingly, we further conclude the trial court erred in dismissing the complaints herein on the grounds of legal impossibility.

Much of defendants' brief relates to policy arguments of why defendants believe legal impossibility should not be eliminated as a defense. The thrust of the argument is that without the defense a person may be convicted of an attempted crime for just having evil intention. Defendants do not challenge the power of the Legislature to eliminate the legal impossibility defense. The issue in this case is only whether such power had been exercised. Accordingly, the policy arguments have no bearing on the issue before us. However, it should be noted that considerably more than evil intention is involved herein. Defendants purchased property after being informed it was stolen. But for a factor unknown to defendants, they committed acts with the requisite intent which would have been sufficient to complete the substantive crime of felony theft.

The Nevada Supreme Court stated in *Darnell v. State*, 92 Nev. 680, 558 P.2d 624 (1976):

"[E]ven though the actual commission of the substantive crime is impossible because of circumstances unknown to the defendant, he is guilty of an attempt if he has the specific intent to commit the substantive offense, and under the circumstances, as he reasonably sees them, he does the acts necessary to consummate what would be the attempted crime. It is only when the results intended by the actor, if they happened as envisaged by him, would fail to consummate a crime, then and only then, would his actions fail to constitute an attempt." 92 Nev. at 681-82.

To avoid possible confusion some mention should be made of the recent case of *State v. Sterling*, 230 Kan. 790, 640 P.2d 1264 (1982). In *Sterling* we had basically the same factual pattern as is before us now. However, there is a crucial distinction. In *Sterling* the purchaser was charged with the substantive crime of felony theft—not attempted felony theft. In concluding that such a charge could not lie we reasoned:

"The distinguishing and essential elements of the offense defined by Section 3701(d) are that the property be *stolen property*, and that the accused knows it to have been stolen. Even though Sterling *thought* it was stolen, and even though he had the requisite intent, the gun was in fact not 'stolen property' at the time Sterling acquired it.

"The reprehensible nature of Sterling's act and intent is not enough to support his conviction of the offense charged since he has not done the act proscribed by the statute. The defendant cannot be convicted of theft under K.S.A. 1980 Supp. 21-3701(d) when actual physical possession of the gun was recovered by law enforcement officers and it lost its character as 'stolen property' before he acquired it." 230 Kan. at 792.

*Sterling* involves a failure of proof of a requisite element of the substantive crime charged—not legal impossibility as a defense to an attempt charge. *Sterling* then has no relevance to the issue before us.

As previously stated, the sole issue before us on this appeal is the legal impossibility issue. This was also the only issue before the trial court on the motion to dismiss. However, in the district court's memorandum decision a passing comment was made that the State's theory of the case "smacks of 'entrapment'." Included in the State's brief before us is a discussion of entrapment, although the same is not designated as an issue. Clearly no question relative to entrapment is properly before this court.

The appeal of the State is sustained. The two cases consolidated herein on appeal are remanded for further proceedings.