**The STATE of Delaware**

v.

**Dominic DiNORSCIA, Defendant.**

Superior Court of Delaware,
New Castle County.
Submitted: April 22, 1986.
Decided: April 24, 1986.

Robert J. Prettyman, Dept. of Justice, Wilmington, for State.

James B. Ropp of Morris, James, Hitchens & Williams, Wilmington, for defendant.

GEBELEIN, Judge.

At the conclusion of the State's case, the defendant moved for a judgment of acquittal as to the charge pending against him. The defendant is charged with one count of Theft of Services, misdemeanor. The allegations are that the defendant sold a SB2 descrambler to an undercover agent and then hooked the device to a television set with the intent to assist that person in stealing cable television services from Rollins Cable Vision. The particular descrambler, as modified, permits an individual to receive electronically scrambled pay channel transmissions and to unscramble them for viewing on television. Thus, after installation, the pay channels may be received without paying the premium charge.

■ Defendant contends he is entitled to a judgment of acquittal on two separate bases: First, that the State has failed to prove that he was aware that the undercover agent intended to receive pay channels without actually paying for them. The transaction occurred in a motel room and the descrambler was attached to a converter already in place on the television set. The evidence, however, was that receipt of pay channels was discussed. The defendant was an employee of a cable installation company and knew the system. The defendant hooked up the device to a television in a motel room. While the State offered no testimony to prove that defendant had been told that the motel did not pay for premium channels, it is clear that the inference was strong that such was the case. At this stage of the proceedings the Court concludes that a reasonable jury could convict the defendant drawing legitimate inferences from the testimony adduced. The motion based upon this ground must fail.

Defendant further contends that under the facts of this case no theft took place and could not have occurred. In particular, the theft alleged involved the use of a pay channel for a few minutes. Defendant is charged with aiding another person to steal these services. The offense charged is that defendant aided the undercover individual in obtaining cable services without paying for them. The undercover agent at all times relevant to this proceeding was an employee of Rollins Cable Vision. In fact, the agent's actions were approved by the Company in advance. Thus, the undercover agent was at all times acting as an agent of Rollins.

Defendant argues that it is impossible for Rollins, through its agent, to steal services from Rollins. In support of this position defendant advances several decisions from other jurisdictions. *Randall v. State*, Alaska Supr., 583 P.2d 196 (1978); *Bennett*

*v. State*, 9th Cir., 399 F.2d 740 (1968); *State v. Durham*, Iowa Supr., 196 N.W.2d 428 (1972); and *People v. Rollino*, N.Y. Supr., 37 Misc.2d 14, 233 N.Y.S.2d 580 (1962).

■ The Court finds this argument to be persuasive with respect to the charge of Theft of Services. There was no theft as the agent had complete authority to hook up this device and use the services without making payment. Thus, Rollins was not deprived of payment for these services because of any taking, but rather because of its consent to such taking. Thus, as to a charge of Theft of Services the motion for a judgment of acquittal must be granted.

The State argues, however, that this case may go to the jury on the included charge of Attempted Theft of Services. Defendant argues that even an attempt charge cannot be sustained by the facts in this case relying primarily on *Rollino, supra. Rollino* was a case very similar to this one and reached the result defendant advocates. In *Rollino*, the defendant actually was the actor acquiring the "property". Thus, if anything, the *Rollino* rationale would appear to be more persuasive in a case such as this where the defendant merely aided the owner of the services in acquiring his own services.

*Rollino*, however, was decided in the absence of an attempt statute such as 11 *Del.C.* § 531. In particular, the *Delaware Code* provides:

A person is guilty of an attempt to commit a crime if he:

(1) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be ... 11 *Del.C.* § 531(1).

The commentators to the *Criminal Code* tell us that this section was drafted "to include cases of attempts to do what is under the circumstances impossible for some reason." *Delaware Criminal Code With Commentary*, § 531, p. 153 (1973). Likewise, the commentators to the *Model Penal Code* note that identical language in the *Model Penal Code* would do away with the impossibility defense. *Model Penal Code* § 5.01, p. 297.

The impossibility defense is rejected, liability being focused upon the circumstances as the actor believes them to be rather than as they actually exist.

The commentators to the *Delaware Criminal Code*, however, noted one case where the impossibility defense might be preserved:

A unsuccessfully tries to convince B, a witness in a criminal case, to give false evidence on an immaterial point; A is not guilty of attempted perjury because even if he had succeeded the false testimony would not have amounted to perjury. *Delaware Criminal Code with Commentary* § 531, p. 153 (1973).

Defendant argues that this example indicates the intent of the drafters to retain the "legal impossibility" defense enunciated in *Rollino, supra.* Even the *Rollino* court was critical of the result reached, but felt bound by precedent.

An analysis of the example and subsequent case law does not support defendant's argument. In a recent case the Supreme Court of Pennsylvania discussed this issue and noted that most State Supreme Courts had rejected the legal impossibility defense and that many states had expressly abrogated it by statute. *Commonwealth v. Henley*, 504 Pa. 408, 474 A.2d 1115, 1116–17 (1984). *See* specifically fn. 1, 474 A.2d at 1116 and fn. 2, 474 A.2d at p. 1117.

While the Delaware Supreme Court has rejected the defense of factual impossibility, *Saienni v. State*, Del.Supr., 346 A.2d 152, 154 (1975), it has not been directly presented with a legal impossibility defense.

■ The Court is convinced that the provisions of § 531 mean exactly what they say. Further, the policy considerations noted by the commentators and the recent case law supports the proposition that the defense of legal impossibility has been abrogated. *See, People v. Darr*, 37 Colo.App.

143, 551 P.2d 735 (1976); *Commonwealth v. Henley, supra; People v. Rojas*, 55 Cal.2d 252, 10 Cal.Rptr. 465, 358 P.2d 921 (1961); *Darnell v. State*, 92 Nev. 680, 558 P.2d 624 (1976); *State v. Bird*, Minn.Supr., 285 N.W.2d 481 (1979); *State v. Logan*, 232 Kan. 646, Kan.Supr., 656 P.2d 777 (1983); *State v. Vitale*, 23 Ariz.App. 37, 530 P.2d 394 (1975); and *see*, *People v. Rollino*, 37 Misc.2d 14, 233 N.Y.S.2d 580 (1962). Therefore, the defendant may be convicted of attempt to commit Theft of Services if the State proves that with the requisite intent, the defendant committed acts which if the facts had been as he thought them to be, would have constituted the crime of Theft of Services.

In this case, one of those facts was that the "agent" was a pipefitter who wanted to obtain Rollins pay channels. If that was the case, then the acts performed would have constituted Theft of Services if the requisite proof of intent exists.

This case is not identical to the Commentary example cited at p. 1042, *supra*. There the nature or quality of the act itself did not constitute a crime. In this case because of the identity of the agent, a crime could not have been committed. That fact created a legal impossibility. The nature of the act alleged would, however, have constituted a crime if the identity of the agent had been as believed by the defendant.

Under the circumstances, the jury must be allowed to consider the charge of Attempt to Commit Theft of Services, a misdemeanor. As to attempt, the motion for judgment of acquittal is denied.

IT IS SO ORDERED.