■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BEL AIR EQUIPMENT CORPORATION et al., Appellants.— Appeal by defendants from two judgments of the County Court, Westchester County (one as to each defendant), both rendered December 8, 1972, convicting them of attempted grand larceny in the second degree, falsifying business records in the first degree and offering a false statement for filing in the first degree, upon a jury verdict, and imposing sentences. Judgments modified, on the law, by reversing the convictions of falsifying business records in the first degree and the sentences thereon and dismissing the count of the indictment upon which those convictions were based. As so modified, judgments affirmed. The gravamen of the charges against defendants, who had moved a company whose property had been condemned by the State of New York, is that they submitted false and padded vouchers for payment. The proof established that it was the policy of the Department of Transportation of the State to reimburse for such moves in the amount of the actual cost of the move, to a maximum amount of the lowest submitted bid. The jury found that defend-

ants were aware of such practice when they submitted the padded bills. We find it irrelevant whether the applicable confusing rules and regulations of the Department of Transportation, of which defendants had no knowledge, in fact required payment in the amount of the low bid rather than in the amount of the low bid or the actual cost, whichever is less. Defendants were charged with an attempted larceny. It is no defense to such a charge that the crime was factually or legally impossible of commission if the defendants' conduct, as here, constituted an attempt to commit the crime (Penal Law, § 110.10). In order to convict, the jury was required to find, under the instructions given it, that defendants did not believe that they had submitted a "firm bid". The evidence supports a finding that, in submitting the padded bills, defendants intentionally sought to obtain funds from the State in excess of $1,500, to which funds they did not believe they were entitled (see Penal Law, § 155.35). The padded vouchers submitted to the State constituted an "instrument" within the meaning of section 175.35 of the Penal Law (see *People* v. *Gottlieb,* 44 A D 2d 587; *People* v. *Gulisano,* 57 Misc 2d 243; Penal Law, § 170.00). However, the maintenance by defendants in their records of a duplicate set of the padded vouchers does not support their conviction of the crime of falsifying business records in the first degree. The proof does not establish that the duplicates were "kept or maintained" by defendants "*for the purpose* of evidencing or reflecting its condition or activity" (Penal Law, § 175.00, subd. 2 [emphasis supplied]). No false entry was made in any business journal or book of account. The duplicate vouchers were not made for record keeping purposes or to reflect the corporate defendant's condition or activity. They were, in effect, duplicates of a bill prepared at the request of the customer. We have considered defendants' remaining contentions and find them to be without merit. Martuscello, Cohalan, Christ and Munder, JJ., concur; Hopkins, Acting P. J., concurs in result, on constraint of *People* v. *Gottlieb* (44 A D 2d 587) and with the following memorandum: If I were free to speak, I would hold with the dissent in *Gottlieb* (*supra*) that the vouchers submitted did not constitute an "instrument" within the meaning of section 175.35 of the Penal Law.