OPINION OF THE COURT
Seymour Rotker, J.
The defendant was arrested on December 29, 1978 and charged with two class A misdemeanors, to wit, an attempt to possess stolen property in the second degree (Penal Law, §§ 110.00, 165.45) and criminal solicitation in the second degree (Penal Law, § 100.05).
The defendant moves for a dismissal of the information pursuant to the provisions of CPL 170.30 (subd 1, par [a]) and CPL 170.35 (subd 1, par [a]), alleging, inter alia, that the complaint is defective on its face (CPL 100.40, 100.15), in that *121 a crime was not spelled out in the accusatory instrument, and more specifically as regards the attempt to possess stolen property. The People orally opposed the motion but submitted no affidavit in opposition.
THE FACTS
The defendant rented a stall for the purpose of buying and selling property at a "flea market” located in Queens County. On December 29, 1978, an agent for the New York City Police Department engaged in a conversation with the defendant and sold him a Leica camera, one 8-track auto stereo, and a Lafeyette stereo, all for the sum of $25. At the time the property was sold it is alleged that the defendant was advised that the items were stolen property. In fact, the items had been procured from the New York City Police Department Property Clerk’s office and had a value substantially in excess of $250. After the conclusion of the transaction, the defendant was arrested and charged as set forth above.
The defendant contends that:
1. No crime of criminally receiving stolen property exists where the property was not stolen;
2. Defendant did not engage in any conduct which tended to effect the commission of a crime; and
3. Defendant did not solicit anyone to commit a crime.
DISCUSSION
The elements of the crime that must be met to establish the defendant’s culpability under subdivision 3 of section 165.45 of the Penal Law are:
1. Knowing possession of;
2. Stolen property;
3. With intent to benefit himself;
4. When he is in the business of buying or selling property.
"A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime.” (Penal Law, § 110.00.) The Court of Appeals in People v Bracey (41 NY2d 296) discussed the requirements that establish the crime of "attempt to commit a crime”. "[I]t must first be established that the defendant acted with a specific intent; that is, that he intended to commit a specific crime.” Secondly, "there be *122 'conduct which tends" to effect the commission of the crime contemplated”. (People v Bracey, supra, p 300.)
Based on the uncontroverted facts, the defendant at the time and place of occurrence was a dealer buying and selling property. He allegedly purchased property believing that said property was stolen. The property was not, in fact, stolen at the time the defendant purchased it, since the property was being sold by an agent of the police department. Under the operative facts, can a defendant be convicted of an attempt to possess "stolen” property under the mistaken belief that the property is stolen?
For the purpose of this motion there can be no question but that the defendant was specifically seeking to purchase property that he believed was stolen. In fact, he did purchase the property as part of this undercover police operation. The requirements of the statute (Penal Law, § 110.00), as interpreted by Bracey, have been met.
We now come to the issue of whether the attempt to commit the crime must fall because of legal impossibility, to wit, since the defendant could never have been convicted of the completed crime of possession of stolen property (the property was not stolen) does that vitiate the attempt to commit that crime? People v Jaffe, decided by the Court of Appeals in 1906 (185 NY 497) held that one who received goods which he believed to be stolen, but which were not in fact stolen, was not guilty of an attempt to receive stolen goods. The Jaffe case had been specifically overruled when the Penal Law was revised in 1967. (See Penal Law, § 110.10.) The change. in the law rejected impossibility as a defense upon the theory that impossibility does not detract from the offender’s culpability. (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 110.10, p 320.)
It has been held that impossibility was neither a defense in a motion to inspect Grand Jury minutes, nor a basis for a further order of dismissal upon the grounds that the evidence submitted to the Grand Jury was not legally sufficient. There, the charge of attempted sale of a controlled substance was upheld where the defendant believed that the powders he sold were a methamphetamine (speed), but actually it was ephedrine, a noncontrolled substance. (People v Rosencrants, 89 Misc 2d 721.)
In People v Leichtweis (59 AD2d 383) Justice Margett, speaking for the Appellate Division, Second Départment, re *123 versed an order of the trial court dismissing counts of attempted burglary and attempted grand larceny in the second degree. In that case a conviction for burglary would have been legally impossible because the owner of the premises had consented to the entry of the defendants upon said premises. In commenting on the applicability of the defense of legal impossibility, the court stated the emphasis now is on the actor’s mental frame of reference. The basic premise is that what was in the actor’s own mind should be the standard for determining his dangerousness to society and hence his liability for attempting criminal conduct. "Thus, '[i]n the belief that neither [legal impossibility nor factual impossibility] * * * detracts from the offender’s moral culpability * * * the Legislature substantially carried the code’s [Model Penal Code] treatment of impossibility into the 1967 revision of the Penal Law.” (People v Leichtweis, supra, p 388.) There is no question but that under the standards set down in Bracey and Leichtweis (supra), this defendant, on the facts before this court, should be held to answer for the charge of attempted possession of stolen property. The defendant intended to purchase stolen property and did, in fact, conclude the transaction as a dealer in a flea market milieu for a price patently below the actual market value of the goods sold. His present complaint, that the goods were not stolen, is no defense to the crime charged (Penal Law, § 110.10).
Of course, at a trial of the issues, factual questions may arise as to the defendant’s culpability. The defendant has obliquely raised the issue of entrapment on this motion. Of course, entrapment (Penal Law, § 40.05) is an affirmative defense. The defendant has the burden of establishing it by a preponderance of evidence (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 40.05, p 125). The issue may only be raised at a trial and is a question to be determined by a trier of the facts. (People v Sundholm, 58 AD2d 224.)
Accordingly, the defendant’s motion is in all respects denied.