370 So.2d 1142 (1979)
STATE of Florida, Appellant,
v.
Pedro TOMAS, Appellee.
No. 53950.
Supreme Court of Florida.
May 3, 1979.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., Miami, for appellant.
No appearance for appellee.
PER CURIAM.
In this case the state appeals a trial court order dismissing the charges against appellee, each of which was based on section 812.019(1), Florida Statutes (1977), on the ground that the statute is unconstitutional. Although the trial judge did not elaborate on his reasons for invalidating the law or specify the particular features of the provision which he found to be fatally defective, it is apparent from the motion to dismiss that his conclusion was predicated on a finding that section 812.019(1) is overly broad in that it permits the criminal prosecution of conduct that is essentially innocent. We reverse.
Section 812.019(1) provides:

*1143 Any person who traffics in, or endeavors to traffic in, property that he knows or should know was stolen shall be guilty of a felony of the second degree....
An examination of this enactment reveals nothing to support the conclusion that persons could be convicted under its provisions for conduct that is essentially innocent in nature. The terms "traffic" and "stolen property" are defined in section 812.012(6) and (7), from which it is clear that the statute applies only to certain acts relating to the disposition of "property that has been the subject of any criminally wrongful taking." The term "endeavors" has recently been construed by us in the context of a closely related provision to mean "an overt act manifesting criminal intent." State v. Allen, 362 So.2d 10, 12 (Fla. 1978).
Finally, the phrase "knows or should know" is entirely consistent with our recent pronouncement concerning the requisite proof of knowledge as to the stolen character of property in Barket v. State, 356 So.2d 263 (Fla. 1978). See also State v. Graham, 238 So.2d 618 (Fla. 1970), discussing the necessary quantum of proof required to establish guilty knowledge under the predecessor to this provision, which encompassed both the receipt and disposition of stolen property. We see no indication of any legislative intent to alter the existing standard of proof for these offenses, other than the substitution of the term "should know" for the more lengthy but essentially synonymous phrase employed in the now repealed section 812.031(1), Florida Statutes (1977)  "under such circumstances as would induce a reasonable man to believe that the property was stolen." To eliminate any doubt as to that intent, we now hold that the standard of proof of guilty knowledge under section 812.019(1) is the same standard that existed under the predecessor statute as defined by the controlling decisional precedents of this Court.
In accordance with the foregoing analysis, we conclude that section 812.019(1) is not unconstitutionally overbroad, but is sufficiently confined in its applicability so as not to reach conduct that is essentially innocent. It follows that the order of the trial court dismissing the charges against appellee is reversed.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.