378 So.2d 118 (1980)
Merrill PADGETT, Appellant,
v.
STATE of Florida, Appellee.
No. OO-212.
District Court of Appeal of Florida, First District.
January 4, 1980.
Charles Thomas Shad, of Penland, McCranie & Shad, P.A., Jacksonville, for appellant.
Jim Smith, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Padgett was charged with violating Section 812.019, Florida Statutes (Supp. 1978), *119 which makes it a crime to traffic in or endeavor to traffic in property which is known to be stolen or which the trafficker should know is stolen. Padgett moved to dismiss the information because the untraversed facts were that the property he purchased from undercover police officers was not stolen, although he thought it was stolen when he purchased it. The trial judge held that proof of the stolen character of the goods was not an essential element of the crime of "endeavoring" to traffic in stolen property, that "endeavor" in Section 812.019 means "attempt",[1] and that, notwithstanding Padgett's mistake of fact which made the substantive crime of "trafficking in stolen property" impossible to commit, the state's proof of Padgett's intent to purchase stolen property was proof of the crime of "endeavoring" to traffic in stolen property.
We agree with the trial judge that proof of the stolen character of the goods was not essential to proof of the offense of endeavoring to traffic in stolen property. Section 812.019 was enacted in Chapter 77-342, Laws of Florida, as part of a broad revision of laws relating to theft and stolen property. Thus, the common law crime of "receiving stolen property" was replaced by the crime in Section 812.019, "dealing in stolen property." That offense differs from the common law crime in degree of proof and as to the activities punished.[2] At common law one could not be convicted of attempting to receive stolen property absent proof that the property was stolen. See Blakely and Goldsmith, Criminal Redistribution of Stolen Property: The Need For Law Reform, 74 Mich.L.Rev. 1512, 1552-1555 (1976); 28 Fla.Jur., Receiving Stolen Goods, §§ 2, 6 & 13 (Rev. ed. 1968). Florida law now clearly authorizes such attempt convictions under Sections 812.019 and 777.04.
The conviction is AFFIRMED.
ROBERT P. SMITH, J., concurs.
BOOTH, J., specially concurs.
BOOTH, Judge, specially concurring.
I concur in the result in this case.
NOTES
[1] Accord, State v. Tomas, 370 So.2d 1142 (Fla. 1979). Endeavor is defined as "an overt act manifesting criminal intent." State v. Allen, 362 So.2d 10, 12 (Fla. 1978); State v. Tomas, supra at 1143.
[2] In Lancaster v. State, 369 So.2d 687 (Fla. 1st DCA 1979), this court pointed out at least one difference between the crime in Section 812.019 and the common law crime of receiving stolen goods. The defendant in that case had admittedly purchased an engine which he knew was stolen. However, since the state had proven only that he had kept the engine which he had purchased, it had not shown he had "trafficked" in stolen goods, since Section 812.012(7) defines "traffic" as "[t]o sell, transfer, distribute, dispense or otherwise dispose of property", or "[t]o buy, receive ... or use property, with the intent to sell, transfer ... etc." We note that the record in this case fails to make any showing that Padgett bought the goods with the intent to sell them. However, that failure was not raised below or briefed on appeal.