■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v W. D. BOCCARD & SONS, INC., Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the County Court, Suffolk County, dated September 10, 1979, as dismissed, with leave to resubmit, four counts of an indictment charging defendant with tampering with public records in the first degree, falsifying business records in the first degree, forgery in the third degree, and obstructing governmental administration. Order affirmed

insofar as appealed from. Contrary to the conclusion of the County Court, the disjunctive pleading of words with a similar meaning in the counts charging defendant with tampering with public records and falsifying business records was not a fatal defect (see *People v Iannone,* 45 NY2d 589; *People v Abrams,* 21 Ill App 3d 734; *State v Jones,* 242 NC 563; *State v Whitt,* 3 Ohio App 2d 278). However, the "record" referred to in the indictment is a "transition piece" (a section of a manhole) marked by the manufacturer with identifying markings. The fact that inspectors hired by the county referred to those markings in their daily log and inspection records, does not render the "transition piece" and its markings a public or a business record (see Penal Law, §§ 175.00, 175.25; *People v Bel Air Equip. Corp.,* 46 AD2d 773, affd 39 NY2d 48). Moreover, the concealment of the markings on the transition piece cannot be considered forgery (see *People v Levitan,* 49 NY2d 87; *People v Cannarozzo,* 62 AD2d 503, affd 48 NY2d 687). Gibbons, J. P., Rabin, Gulotta and Margett, JJ., concur.