DAUKSCH, Chief Judge.
This is an appeal from a conviction for trafficking in stolen property.
Appellant was the Florida sales representative for Spyder Sales and Service Company, a Texas equipment manufacturing company. Spyder shipped forklifts to appellant who received, possessed, stored and sold them on behalf of Spyder. On February 14,1979, appellant reported to the police that a Spyder forklift bearing serial number FE4470978 had been stolen. On March 2, 1979, appellant sold and delivered a Spyder forklift with serial number FE4000978 and Spyder’s warranty papers and received from Mr. Horn a check for the purchase price made payable to Spyder Sales and Service. Appellant cashed the check through a business associate, went to Texas and delivered at least part of the Horn sale proceeds to a representative of Spyder. Then he gave notice of resignation as an employee and left Spyder’s employment. Soon thereafter Mr. Horn called on Spyder for warranty work and it came to light that the original serial number on that forklift was FE4470978, the number on the forklift reported stolen. On these facts appellant was convicted of a violation of section 812.019(1), Florida Statutes (1979), which provides in part that
*208 Any person who traffics in, or endeavors to traffic in, property that he knows or should know was stolen shall be guilty of a felony of the second degree....
Section 812.012, Florida Statutes (1979), sets out definitions for the chapter and specifically provides:
(6) “Stolen property” means property that has been the subject of any criminally wrongful taking.
(7) “Traffic” means: (a) to sell, transfer, distribute, dispense, or otherwise dispose of property; (b) to buy, receive, possess, obtain control of, or use property with the intent to sell, transfer, distribute, dispense, or otherwise dispose of such property.
The appellant asserts and we agree that there was insufficient evidence to support the conviction as charged in the information. The information charges that the appellant “did . . . unlawfully traffic in or endeavor to traffic in property, to-wit: a forklift that he knew or should know (sic) was stolen.” The evidence was clear that appellant was the authorized agent of the company which owned the forklift and he had the authority to sell it. He committed no crime in selling the forklift. His crime, if any, was in failing to remit the full proceeds from the sale to his employer. If the state had charged him with feloniously misappropriating those funds perhaps the evidence would have supported a conviction. The state attorney made a mistake, charged one crime and proved something else. Thus we must reverse the conviction.
REVERSED.
ORFINGER, J., concurs.
COWART, J., concurs in result only.