409 So.2d 241 (1982)
The STATE of Florida, Appellant,
v.
Ignacio RIOS and Felipe Ruiz, Appellees.
Nos. 80-186, 80-209.
District Court of Appeal of Florida, Third District.
February 9, 1982.
Rehearing Denied March 29, 1982.
Jim Smith, Atty. Gen. and Theda R. James, Asst. Atty. Gen., for appellant.
Nathaniel L. Barone, Jr., Miami, for appellees.
Before HUBBART, C.J., and DANIEL S. PEARSON and FERGUSON, JJ.
HUBBART, Chief Judge.
The central issue presented for review is whether an information charging a defendant with trafficking or endeavoring to traffic in stolen property in violation of Section 812.019(1), Florida Statutes (1979), is subject to dismissal upon a sworn motion under Fla.R.Crim.P. 3.190(c)(4), which states one undisputed fact, namely, that the property forming the subject matter of the information was not in fact stolen property, but belonged to a municipal police department. We hold that the information is not subject to such a dismissal because the above undisputed fact does not in itself preclude as a matter of law a conviction for endeavoring to traffic in stolen property under Section 812.019(1), Florida Statutes (1979). We, accordingly, reverse the orders of dismissal under review and remand for further proceedings.

I
The facts pertaining to the above issue are as follows. The defendant Ignacio Rios was charged in a three-count information before the Circuit Court for the Eleventh Judicial Circuit of Florida as follows:
"IN THE NAME AND BY AUTHORITY OF THE STATE OF FLORIDA:
COUNT I
I, ADDISON MEYERS, Assistant State Attorney of the Eleventh Judicial Circuit of Florida, on the authority of JANET RENO, State Attorney, prosecuting for the State of Florida, in the County of Dade, under oath, information makes that IGNACIO RIOS on the 9th day of October, 1979, in the County and State aforesaid, did unlawfully and feloniously traffic in, or endeavor to traffic *242 in property that he knew or should have known was stolen, to-wit: A TELEVISION SET, in violation of 812.019(1) Florida Statutes, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.
COUNT II
And I, ADDISON MEYERS, Assistant State Attorney of the Eleventh Judicial Circuit of Florida, on the authority of JANET RENO, State Attorney, prosecuting for the State of Florida, in the County of Dade, under oath, further information makes that, IGNACIO RIOS, on the 12th day of October, 1979 in the County and State aforesaid, did unlawfully and feloniously traffic in, or endeavor to traffic in property that he knew or should have known was stolen, to-wit: BLENDERS, in violation of 812.019(1) Florida Statutes, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.
COUNT III
And I, ADDISON MEYERS, Assistant State Attorney of the Eleventh Judicial Circuit of Florida, on the authority of JANET RENO, State Attorney, prosecuting for the State of Florida, in the County of Dade, under oath, further information makes that, IGNACIO RIOS, on the 16th day of October, 1979, in the County and State aforesaid, did unlawfully and feloniously traffic in, or endeavor to traffic in property that he knew or should have known was stolen, to-wit: AUTOMOBILE STEREO SPEAKERS, in violation of 812.019(1) Florida Statutes, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."
The defendant Felipe Ruiz was similarly charged in a three-count information before the same court as follows:
"IN THE NAME AND BY AUTHORITY OF THE STATE OF FLORIDA:
COUNT I
I, ADDISON MEYERS, Assistant State Attorney of the Eleventh Judicial Circuit of Florida, on the authority of JANET RENO, State Attorney, prosecuting for the State of Florida, in the County of Dade, under oath, information makes that FELIPE RUIZ on the 2nd day of October, 1979, in the County and State aforesaid, did unlawfully and feloniously traffic in, or endeavor to traffic in property that he knew or should have known was stolen, to-wit: A TELEVISION SET, in violation of 812.019(1) Florida Statutes, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.
COUNT II
And I, ADDISON MEYERS, Assistant State Attorney of the Eleventh Judicial Circuit of Florida, on the authority of JANET RENO, State Attorney, prosecuting for the State of Florida, in the County of Dade, under oath, further information makes that, FELIPE RUIZ, on the 18th day of October, 1979, in the County and State aforesaid, did unlawfully and feloniously traffic in, or endeavor to traffic in property that he knew or should have known was stolen, to-wit: A TELEVISION SET, in violation of 812.019 Florida Statutes, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.
COUNT III
And I, ADDISON MEYERS, Assistant State Attorney of the Eleventh Judicial Circuit of Florida, on the authority of JANET RENO, State Attorney, prosecuting for the State of Florida, in the County of Dade, under oath, further information makes that, FELIPE RUIZ, on the 23rd day of October, 1979, in the County and State aforesaid, did unlawfully and *243 feloniously traffic in, or endeavor to traffic in property that he knew or should have known was stolen, to-wit: TELEVISION SETS, in violation of 812.019(1) Florida Statutes."
The defendants Rios and Ruiz filed identical sworn motions to dismiss under Fla.R. Crim.P. 3.190(c)(4) which stated in relevant part as follows:
"1. There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the Defendant.
2. That the Information alleges that Defendant, [IGNACIO RIOS] [FELIPE RUIZ], unlawfully and feloniously trafficked in or endeavored to traffic in several items which were allegedly of stolen character.
3. That the said items as listed in the Information were at all times, prior to and during the Defendant's alleged criminal conduct, in the actual possession and control of and belonging to the City of Miami, Florida Police Department.
4. The undercover officer, DET. G. BOYD, and the STATE OF FLORIDA has stipulated that said property was never stolen property."
The state filed no traverse to these motions and agreed at hearings held below that the above factual allegations were true. The trial court, accordingly, entered orders dismissing the above informations. The state appealed these dismissals, which appeal we have jurisdiction to entertain. § 924.07(1), Fla. Stat. (1979).

II
Section 812.019(1), Florida Statutes (1979), the statute under which the instant prosecution was brought, provides as follows:
"Any person who traffics in, or endeavors to traffic in, property that he knows or should know was stolen shall be guilty of a felony of the second degree, punishable as provided in s.s. 775.082, 775.083, 775.084."
The Florida Supreme Court in State v. Tomas, 370 So.2d 1142 (Fla. 1979), has construed the above statute as follows:
"An examination of this enactment [§ 812.019(1), Fla. Stat. (1979)] reveals nothing to support the conclusion that persons could be convicted under its provisions for conduct that is essentially innocent in nature. The terms `traffic' and `stolen property' are defined in sections 812.012(6) and (7), from which it is clear that the statute applies only to certain acts relating to the disposition of `property that has been the subject of any criminally wrongful taking.' The term `endeavors' has recently been construed by us in the context of a closely related provision to mean `an overt act manifesting criminal intent.' (citation omitted)." Id. at 1143.
It, therefore, seems clear that Section 812.019(1), Florida Statutes (1979), as thus construed, requires as one of the essential elements of trafficking in stolen property that the property in question be stolen property, that is, property that has been the subject of any criminally wrongful taking. By contrast, however, endeavoring to traffic in stolen property does not appear to require this essential element, but is complete, as the Court states, upon proof of an overt act manifesting criminal intent directed toward committing the substantive crime of trafficking. This result seems particularly apt in view of Section 812.028(3), Florida Statutes (1979), which strikes down as a defense to such a prosecution a claim that "[p]roperty that was not stolen was offered for sale as stolen property." A defendant, then, cannot be heard to complain in prosecutions of this nature that the property offered to him for sale as stolen property was not, in fact, stolen if he thereafter traffics in said property. True, he is not thereby trafficking in stolen property as the property is not stolen, but he is certainly endeavoring to do so with requisite criminal intent. He is, therefore, guilty under our law of the crime of endeavoring to traffic in stolen property under Section 812.019(1), Florida Statutes (1979).
We further reject any suggestion that the defense of legal impossibility *244 should bar any criminal attempt prosecution, where, as here, the crime which the defendant attempted was legally impossible to commit due to the fact that the subject property was not stolen. The defense of legal impossibility has never been adopted in Florida in any criminal attempt prosecution and is generally discredited by the overwhelming weight of authority in other jurisdictions. [See Appendix to this opinion.] The more appropriate inquiry in criminal attempt prosecutions should focus, we think, on the defendant's intent to commit a crime and any overt act done to effectuate this intent. "A person [then] is guilty [in our view] of an attempt to commit a crime if, acting with a kind of culpability otherwise required for the commission of the crime, he purposely engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be." ALI, Model Penal Code § 5.01(a) (proposed official draft, May 4, 1962).
This analysis is fully supported by recent decisions of the First and Fourth District Courts of Appeal with which we are in complete agreement. State v. Cohen, 409 So.2d 64 (Fla. 4th DCA 1982) (7 FLW 180); State v. Skinner, 397 So.2d 389 (Fla. 1st DCA 1981); Padgett v. State, 378 So.2d 118 (Fla. 1st DCA 1980). It is further supported by the Model Penal Code § 5.01(a), supra; see also ALI, Model Penal Code § 5.01(a) Comment 4 (Tent. Draft No. 10, May 6, 1960), and the trend of the better reasoned modern authority on the subject. W. LaFave & A. Scott, Criminal Law, 443-45 (1972); also see Appendix to this opinion. Finally, the result reached seems both sensible and fair as without doubt a person who with requisite criminal intent traffics in property represented to him as stolen, although not in fact stolen, is engaging in criminal-type conduct, in no sense innocent in nature, which society should have a right to punish under its criminal law.

III
Turning to the instant case, it is clear that the informations in this cause were not subject to dismissal upon sworn motion under Fla.R.Crim.P. 3.190(c)(4). The undisputed fact that the property described in the instant informations was not stolen property, but belonged to the City of Miami Police Department, does not defeat a prosecution for endeavoring to traffic in stolen property under Section 812.019(1), Florida Statutes (1979). Indeed, it is not a recognized defense to such a prosecution under our law that the property offered for sale as stolen property was not, in fact, stolen. The orders under review are, accordingly, reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.

APPENDIX

 The following jurisdictions (32) have rejected the defense of
legal impossibility by statute or court decision.
 FEDERAL
United States v. Oviedo, 525 F.2d 881 (5th Cir.1976).
 STATE
Alabama: Ala. Code § 13A-4-2(b) (1978)
Alaska: Alaska Stat. § 11.31.100(b) (1980)
Arizona: State v. Carner, 25 Ariz. App. 156, 541 P.2d 947
 (Ct.App. 1975); Ariz. Rev. Stat. Ann. § 13-1001B (1978)
Arkansas: Ark.Stat.Ann. § 41-701 (1977)
California: People v. Rojas, 55 Cal.2d 252, 358 P.2d 921, 10
 Cal. Rptr. 465 (Cal. 1961); People v. Wright, 105 Cal.
 App.3d 329, 164 Cal. Rptr. 207 (Ct.App. 1980); Shadle v.
 City of Corona, 96 Cal. App.3d 173, 157 Cal. Rptr. 624 (Ct.
 App. 1979)
Colorado: Colo. Rev. Stat. § 18-2-101 (1978); Darr v. People,
 193 Colo. 445, 568 P.2d 32 (Colo. 1977) (en banc) (following
 statute)
Connecticut: Conn. Gen. Stat. Ann. § 53a-49 (1972)
Delaware: Del. Code Ann. tit. 11, § 531 (1975)
*245 Georgia: Ga. Code Ann. § 26-1002 (1978)
Hawaii: Hawaii Rev.Stat. § 705-500 (1976)
Illinois: Ill. Ann. Stat. ch. 38, § 8-4(b) (1981 Supp.)
Indiana: Ind. Code Ann. § 35-41-5-1(b) (Burns 1979)
Kansas: Kan. Stat. Ann. § 21-3301(2) (1974)
Kentucky: Ky.Rev.Stat. § 506.010 (1975)
Maine: Me. Rev. Stat. Ann. tit. 17-A, § 152(2) (1981 Supp.)
Missouri: Mo.Stat.Ann. § 564.011(2) (1979)
Montana: Mont. Code Ann. § 45-4-103(2) (1981)
Nebraska: Neb. Rev. Stat. § 28-201 (1979)
Nevada: Darnell v. State, 92 Nev. 680, 558 P.2d 624 (Nev.
 1977)
New Hampshire: N.H. Rev. Stat. Ann. § 629:1 (1974)
New Jersey: State v. Moretti, 52 N.J. 182, 244 A.2d 499
 (N.J.), cert. denied, 393 U.S. 952, 89 S.Ct. 376, 21
 L.Ed.2d 363 (1968); N.J. Stat. Ann. § 2C:5-1 (1981)
New York: N.Y.Penal Law § 110.10 (McKinney 1975)
North Dakota: N.D. Cent. Code § 12.1-06-01(1) (1976)
Ohio: Ohio Rev. Code Ann. § 2923.02(B) (1975)
Oklahoma: Okla. Stat. Ann. tit. 21, § 44 (1981 Supp.)
Oregon: State v. Korelis, 21 Or. App. 813, 537 P.2d 136
 (Ct.App.), aff'd., 273 Or. 427, 541 P.2d 468 (1975); Or.
 Rev. Stat. § 161.425 (1979)
Pennsylvania: Pa. Stat. Ann. tit. 18, § 901(b) (1973)
Tennessee: Bandy v. State, 575 S.W.2d 278 (Tenn. 1979) (legal
 impossibility defense rejected solely in prosecution for
 attempted receiving stolen property)
Texas: Tex.Penal Code Ann. § 15.01 (Vernon 1974)
Utah: Utah Code Ann. § 76-4-101(3) (1978); State v. Sommers,
 569 P.2d 1110 (Utah 1977) (following statute)
Washington: Wash. Rev. Code § 9A.28.020(2) (1977); State v.
 Hunter, 29 Wash. App. 218, 627 P.2d 1339 (Ct.App. 1981);
 State v. Davidson, 20 Wash. App. 893, 584 P.2d 401 (Ct.App.
 1978)
Wyoming: Wyo. Stat. § 6-1-201 (1981 Supp.)
 New York is among those jurisdictions rejecting the legal
impossibility defense by statute although it had previously
recognized the defense in the leading case of People v. Jaffe,
185 N.Y. 497, 78 N.E. 169 (N.Y. 1906). See People v. Bel Air
Equipment Corp., 46 A.D.2d 773, 360 N.Y.S.2d 465 (App.Div.
1974), aff'd. on other grounds, 39 N.Y.2d 48, 382 N.Y.S.2d 728,
346 N.E.2d 529 (N.Y. 1976); People v. Ettman, 99 Misc.2d 120,
415 N.Y.S.2d 599 (Crim.Ct. 1979); see also Darr v. People, 568
P.2d at 33 n. 3.
 Florida, as previously noted, has never adopted the defense of
legal impossibility by court decision, and, by statute, has
rejected the defense in prosecutions, as here, for endeavoring to
traffic in stolen property. § 812.028(3), Fla. Stat. (1979).