442 So.2d 240 (1983)
STATE of Florida, Petitioner,
v.
Oliver Cornelius WILLIAMS, Respondent.
No. 83-819.
District Court of Appeal of Florida, Fifth District.
October 20, 1983.
Douglas Cheshire, Jr., State Atty., and Charles E. Heim, Asst. State Atty., Titusville, for petitioner.
Arthur J. Kutsche, Asst. Public Defender, Titusville, for respondent.
DAUKSCH, Judge.
This case is before us for a very limited review, by certiorari, of a pre-trial order which holds: "That a necessary element of the offense charged in Count I, solicitation to commit the offense of trafficking in stolen property, is proof that the item involved was stolen." Since the original ruling upon which this order was based was *241 made during trial, we would not ordinarily have jurisdiction to consider this matter raised by the state. However, because both counsel stipulated to a mistrial after the ruling during trial, the respondent can be tried again. That makes the ruling a pre-trial ruling.
We assume jurisdiction because the ruling, if upheld, would operate to preclude the state from presenting its case at trial and no remedy for the state exists by way of appeal. See State v. Horvatch, 413 So.2d 469 (Fla. 4th DCA 1982); State v. Steinbrecher, 409 So.2d 510 (Fla. 3d DCA 1982). Because there is no adequate remedy by appeal and because we deem the order to have departed from the essential requirements of law, we accept jurisdiction and quash the order. Combs v. State, 436 So.2d 93 (Fla. 1983).
In the stipulated statement in this case it was agreed by both lawyers that:
The Defendant was charged by way of Amended Information with Count I, solicitation to commit a criminal offense, to wit: trafficking in stolen property, and Count II, trafficking in stolen property. The two Counts regarded separate incidents.
At a trial of the cause, it was established that a law enforcement operation was created aimed at detecting and investigating individuals involved in dealing in stolen property. A business known as "J & J Trading Post" was established. It advertised itself as purchaser of items on a cash basis with no questions asked. It was staffed by law enforcement personnel acting in an undercover capacity. A one-way mirror at the rear of the store permitted clandestine monitoring of all transactions.
On October 14, 1982 the Defendant came to J & J Trading Post with an air conditioner from which the serial number had been removed. The Defendant at the time stated to James Blair, an undercover officer, "You've got to move this and move it fast ... It's brand new ... This thing's hot." The air conditioner was purchased for $200.00 cash.
At the trial, the State proffered the air conditioner offered for sale by the Defendant and evidence as to his representations about it, including the videotape of the event. Testimony established that the actual source of the air conditioner could not be determined due to the removal of the serial numnber [sic]. The State presented no evidence that the air conditioner was stolen other than evidence of the Defendant's representation that it was "hot."
The Defendant objected to the introduction of the air conditioner and all evidence regarding his representations to James Blair. The Circuit Court sustained the objection, ruling that such evidence was irrelevant and immaterial holding that: (1) proof the item offered for sale was stolen was a necessary element of solicitation to commit the offense of trafficking in stolen property, and (2) the State failed to prove the proffered air conditioner was stolen.
After so ruling and upon motion of both Defendant and the State, the Circuit Court declared a mistrial as to both Counts.
Respondent has not furnished us with any authority to support the lower court's order. We are of the opinion that there is no substantial difference between "soliciting" to traffic in stolen property and "endeavoring" to traffic in stolen property for the purposes of this decision. In both State v. Skinner, 397 So.2d 389 (Fla. 1st DCA 1981) and Padgett v. State, 378 So.2d 118 (Fla. 1st DCA 1980) the appellate court held that a person could be convicted of endeavoring to traffic in stolen goods even though it was established that the goods were not stolen. In Padgett the defendant thought the goods were stolen, but they were not. Here the defendant told the person he is alleged to have solicited that the air conditioner was "hot," "it's brand new," and "You've got to move this and move it fast." Even though the state cannot prove the item is stolen property (partly because the serial number was removed) that does not prevent a jury from logically *242 and properly concluding that the defendant was soliciting the policeman to traffic in stolen property. In fact, based on that testimony, it's rather obvious.
State v. Rios, 409 So.2d 241 (Fla. 3d DCA 1982) says that the crime of endeavoring to traffic in stolen property is established when it is proved at trial that the defendant committed "an overt act manifesting criminal intent directed toward committing the substantive crime of trafficking."
We agree with the Rios opinion and, as we said, find no reason to require the proof that the property was stolen in a solicitation to traffic case as opposed to an endeavoring to traffic case. Thus we quash the order and remand this matter to the trial court for further proceedings.
Writ GRANTED; order QUASHED.
COBB and SHARP, JJ., concur.