ORFINGER, Judge..
This is an appeal from a final order granting the appellee’s motion, made at the close of appellant’s case, to dismiss the forfeiture proceedings brought by appellant, and denying the appellant’s application for the forfeiture of a 1981 Chevrolet pickup truck. We reverse.
Pursuant to the provisions of sections 932.701-704, Florida Statutes (1985), the sheriff sought forfeiture of the pickup truck as a contraband article on the ground that the truck had been used as an instrumentality in the commission of the felony crimes of grand theft (sec. 812.014) or dealing in stolen property (sec. 812.019). On this appeal, the sheriff relies solely on section 812.019.
*1067 Among other things, a “contraband article” is defined as “[a]ny personal property, including, but not limited to, any ... vehicle of any kind ... which has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony.” § 932.-701(2)(e). There was evidence presented at the trial of the forfeiture proceedings tending to prove that on several occasions Willard Keesee, the owner of the truck, purchased television sets and video recorders from sheriffs deputies who posed as thieves and who represented to Keesee that the goods were stolen. The various items were in their original sealed cartons and were sold to Keesee at prices substantially below market.
In the last transaction, which was videotaped, Keesee is shown telling a deputy to back the deputy’s vehicle up to the subject pickup truck. Keesee directed the deputy to unload the televisions and VCR’s into the truck and then covered the merchandise with a tarp. The deputy assured Kee-see that the identification numbers had not been recorded and thus that there would be “no problems.”
The merchandise sold to Keesee was not stolen, but was borrowed by the deputies from an electronics store. The sting operation was conducted after the sheriff’s office had received information leading them to believe that Keesee was dealing in stolen property. In granting Keesee’s motion for an involuntary dismissal at the close of the sheriff’s case, the trial court found that the sheriff had made a prima facie case that Keesee believed the merchandise to be stolen, but denied the forfeiture because “ the Sheriff of Orange County is unable to prove the property that Willard Keesee purchased from the petitioner on March 17, 1985 was stolen and will not [sic] sustain a charge of trafficking in stolen property.”
Section 812.019(1), Florida Statutes (1985) regarding dealing in stolen property provides:
Any person who traffics in, or endeavors to traffic in, property that he knows or should know was stolen shall be guilty of a felony of the second degree, punishable as provided in ss. 775.082, 775.083, and 775.084.
Section 812.028(3) provides that
It shall not constitute a defense to a prosecution for any violation of the'provisions of ss. 812.012-812.037 that: ... Property that was not stolen was offered for sale as stolen property.
Here, all parties agree that the subject property was not stolen. Although the court found that the Sheriff had made out a prima facie case, he based the involuntary dismissal solely upon the fact that the property was not stolen, reasoning that Keesee couldn’t “know or should know” the property was stolen.
In State v. Williams, 442 So.2d 240 (Fla. 5th DCA 1983) this court stated that it was in agreement with State v. Rios, 409 So.2d 241 (Fla. 3d DCA), rev. denied, 419 So.2d 1199 (1982) which held that the crime of endeavoring to traffic in stolen property does not require that the property be stolen, but is complete upon proof that the defendant committed “an overt act manifesting criminal intent directed toward committing the substantive crime of trafficking.” This court stated that there was “no reason to require the proof that the property was stolen in a solicitation to traffic case as opposed to an endeavoring to traffic case.” 442 So.2d at 242. See also State v. Skinner, 397 So.2d 389 (Fla. 1st DCA 1981) and Padgett v. State, 378 So.2d 118 (Fla. 1st DCA 1980) (both cases holding that a person could be convicted of endeavoring to traffic in stolen goods even though it was established that the goods were not stolen).
The case of In re Forfeiture of 1974 Ford Pickup Truck, 462 So.2d 1127 (Fla. 4th DCA 1984), relied on by appellee is distinguishable, because there, the forfeiture was based on an allegation that the truck had been used to haul stolen appliances, and the state had failed to prove that the appliances were stolen, or if they were, their value, so there was no evidence that the truck had been used to facilitate the commission of a felony.
In the case before us, the sheriff made a prima facie case that Keesee had commit *1068 ted the felony of endeavoring to traffic in stolen property, because he purchased the merchandise believing it was stolen, and used the pickup truck to store and conceal that merchandise. Thus, the order of involuntary dismissal was erroneously entered, and is reversed, and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
DAUKSCH, J., concurs.
COWART, J., dissents with opinion.