CHARLES B. CURRY, Associate Judge.
The state appeals an order of the circuit court dismissing felony charges against ap-pellee Daniel Roberts. We reverse.
Roberts was charged with dealing in stolen property. § 812.019, Fla.Stat. (1989). On March 19, 1991, Roberts sold two gold service pins to an undercover detective for $15.00. The state is unable to produce evidence that the pins were stolen. However, during the transaction Roberts allegedly made remarks such as, “These ain’t so cool.”
The facts of this case are similar to those in State v. Williams, 442 So.2d 240 (Fla. 5th DCA 1983). Williams sold to police an air conditioner which he described as “hot.” Because the serial number had been removed, it was not possible to determine whether the air conditioner actually had been stolen. Even so, the court held that Williams’s conduct could be viewed as manifesting criminal intent. Such intent, when combined with the overt act of selling the air conditioner, was sufficient to prove an *103 “endeavor,” which is subsumed within the offense of dealing in stolen property. And see State v. Rios, 409 So.2d 241 (Fla. 3d DCA), rev. denied, 419 So.2d 1199 (Fla.1982) (rejecting defense of “legal impossibility” in connection with a “sting” operation).
Roberts responds that his comments are more ambiguous than Williams’s reference to the “hot” air conditioner. Nevertheless, we believe this case places at issue Roberts’s intent or state of mind. This is a question for the trier of fact and inappropriate for resolution under Florida Rule of Criminal Procedure 3.190(c)(4). See generally, State v. Booker, 529 So.2d 1239 (Fla. 1st DCA 1988).
Reversed.
FRANK, A.C.J., and THREADGILL, J., concur.