HARRIS, Chief Judge.
The state was conducting an investigation concerning suspected dealing in stolen property by Ghazi Osta, Jose Zaetar and Stephen Morris when Thomas V. Capaldo wandered onto the scene. Capaldo happened into Osta’s pawn shop while an undercover officer was attempting to set up a sting operation. Osta introduced Capaldo to the undercover officer and later described him as being “cool.” The next day, the officer showed Capaldo electronics merchandise that, although not available to Capaldo because it had already been “sold,” was a sample of the type of merchandise that the officer represented might be available to him later. Ca-paldo stated that he would like to buy similar electronics in the future and that he could be contacted “through Osta.”
Subsequently and through Osta, the undercover officer sold a shipment of cigarettes to Capaldo at a price which suggested that the *1208 cigarettes were stolen. After that transaction, Capaldo and the officer agreed that Osta would no longer be a part of their dealings. Shortly thereafter, the officer called Capaldo and advised him that electronic merchandise similar to that which he had been shown was again available. In fact, no such merchandise existed. When Capaldo showed up to purchase the imaginary merchandise, he was arrested for violation of section 812.019(1) — Dealing in Stolen Property. He appeals his conviction of that charge; we affirm.
¡
Capaldo raises tiro points that warrant discussion. First, he contends that the court improperly admitted hearsay statements made by Osta pn the basis of the coconspirator exception to the hearsay exclusion. Although the evidence supports the finding that a conspiracy to deal in stolen property did exist for a period of time and that the statements in question were made during that conspiracy, it is clear that the conspiracy between Osta and Capaldo had ended prior to the offejnse charged in this information.
We agree with Capaldo that section 90.803(18)(e), Florida Statutes (1993), does not permit statements made during a conspiracy to commit one crime to be admitted in a prosecution for an entirely different offense not involving the conspiracy. See Usher v. State, 642 So.2d 29 (Fla. 2d DCA 1994). We find, however, that the error was harmless under the facts of this case. The purpose of these statements was to show that Capaldo believed that the merchandise was stolen. We find that eveh without the admission of the hearsay statements, the evidence of Capaldo’s intent to purchase stolen property was overwhelming. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
The more basic issue requiring discussion, however, is whether an individual can be convicted under a statute that prohibits him from trafficking in, or endeavoring to traffic in, “property that he knows or should know was stolen” when, in fact, the allegedly stolen property did not exist.
In this case, the state set up a sting operation to ensnare Capaldo, who apparently had a propensity to deal in stolen property. But the undercover officer used nonexistent goods as bait. The issue before us, then, is whether it is a crime under section 812.019, Florida Statutes (1993), merely to be willing, even anxious, to deal in stolen property. The wording of the statute indicates that the legislature intended to address the evil of dealing in “stolen property.” In requiring that the offender “knows or should know [the property] was stolen,” the legislature appears to be criminalizing only the act of dealing in property that was actually stolen, not the intention to do so. Had the legislature intended otherwise, the statute would not require that the individual “know” that the property was stolen, but instead would prohibit dealing in property that the individual merely “believed” or “suspected” was stolen or that he reasonably should have believed or suspected was stolen. “To know” is a different concept from “to believe” or “to suspect.” One concept addresses the evil of commercializing stolen property; the other addresses the evil intent itself.
Even so, this panel is bound by this court’s previous decision of Lamar v. Keesee, 512 So.2d 1066 (Fla. 5th DCA 1987), in which we held:
In State v. Williams, 442 So.2d 240 (Fla. 5th DCA 1983), this court stated that it was in agreement with State v. Rios, 409 So.2d 241 (Fla. 3d DCA), rev. denied, 419 So.2d 1199 (1982), which held that the crime of endeavoring to traffic in stolen property does not require that the property be stolen, but is complete upon proof that the defendant committed “an overt act manifesting criminal intent directed toward committing the substantive crime of trafficking.” This court stated that there was “no reason to require the proof that the property was stolen in a solicitation to traffic case as opposed to an endeavoring to traffic case.” 442 So.2d at 242. See also State v. Skinner, 397 So.2d 389 (Fla. 1st DCA 1981) and Padgett v. State, 378 So.2d 118 (Fla. 1st DCA 1980) (both cases holding that a person could be convicted of endeavoring to traffic in stolen goods even *1209 though it was established that the goods were not stolen).
Id. at 1067.
From the above quote, it is apparent that we are not the only appellate court that has held that there need be no stolen property involved for a conviction under section 812.019(1). It is also apparent, however, that in reaching this conclusion, the courts distinguish between trafficking in stolen property and endeavoring to traffic in stolen property as though these are two separate offenses under the same statute. We seem to agree that, although one cannot deal in stolen property unless the property is in fact stolen, if one “endeavors” to do so, then it is irrelevant that there is no property or, if there is property, it is not stolen. This proposition prompted Judge Cowart to write in his dissent in Lamar:
[T]he average layman is probably hard pressed to understand how one can be convicted of dealing in stolen property if the property is not stolen and why, if the person does not commit a completed crime because the property was not stolen, he can be convicted of trying (“attempting” or “endeavoring”) to do something that is legally and physically impossible for him to do.
Lamar, 512 So.2d at 1068.
As Judge Cowart recognized, our holding in Lamar was based on a distinction between trafficking and endeavoring to traffic, which distinction may be inconsistent with holdings of our supreme court. In State v. Sykes, 434 So.2d 325, 327 (Fla.1983), the court held in a case involving theft:
By including the words, “or endeavor to obtain or use,” the statutory language reveals on its face a legislative intent to define theft as including the attempt to commit theft. (Citation omitted). That is, the substantive offenses defined in the theft statute are defined so that one who attempts to commit [them] is deemed to have committed the completed crime. The substantive, completed crime is fully proved when an attempt, along with the requisite intent, is established.
This identical language was used in section 812.019(1). It appears, therefore, that there is but one crime established by the statute and that crime is “dealing in stolen property.” In State v. Tomas, 370 So.2d 1142, 1143 (Fla.1979), the supreme court upheld the constitutionality of section 812.019(1), stating:
The terms “traffic” and “stolen property” are defined in section 812.012(6) and (7), from which it is clear that the statute applies only to certain acts relating to the disposition of “property that has been the subject of any criminally wrongful taking.” (Emphasis added).
We affirm on the basis of Lamar but certify the following question to the supreme court:
IS IT NECESSARY TO PROVE THE EXISTENCE OF STOLEN PROPERTY IN ORDER TO CONVICT UNDER SECTION 812.019(1), FLORIDA STATUTES (1993)?
COBB and W. SHARP, JJ., concur.