679 So.2d 717 (1996)
Thomas V. CAPALDO, Petitioner,
v.
STATE of Florida, Respondent.
No. 86390.
Supreme Court of Florida.
June 20, 1996.
Rehearing Denied September 6, 1996.
*718 John W. Tanner of John W. Tanner, P.A., Daytona Beach, for Petitioner.
Robert A. Butterworth, Attorney General; Georgina Jimenez-Orosa, Senior Assistant Attorney General, and Michelle A. Konig, Assistant Attorney General, West Palm Beach, for Respondent.
HARDING, Justice.
We have for review Capaldo v. State, 654 So.2d 1207, 1209 (Fla. 5th DCA 1995), in which the Fifth District Court of Appeal certified the following question to be of great public importance:
IS IT NECESSARY TO PROVE THE EXISTENCE OF STOLEN PROPERTY IN ORDER TO CONVICT UNDER SECTION 812.019(1), FLORIDA STATUTES (1993)?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. In order to address the issue actually presented in this case, we reword the certified question as follows:
Is it necessary to prove the existence of actual property in order to convict under section 812.019(1)?
As reworded, we answer the question in the affirmative.
This case grew out of a law enforcement investigation concerning suspected dealing in stolen property by several individuals. One of the individuals who was the subject of that investigation operated a pawn shop. Petitioner Thomas V. Capaldo happened into that pawn shop while an undercover officer was attempting to set up a sting operation. The pawn shop operator introduced Capaldo to the undercover officer and later told the officer that Capaldo was "cool." The next day the officer showed Capaldo electronics merchandise at a warehouse and represented that this was the type of merchandise that the officer might be able to sell him at a later date. However, the officer stated that the sample merchandise was not available as it had already been "sold." Capaldo expressed his desire to buy similar electronics in the future and stated that he could be contacted through the pawn shop operator. Capaldo, 654 So.2d at 1207.
The officer subsequently contacted Capaldo through the pawn shop operator and sold Capaldo a shipment of cigarettes at a greatly reduced price. After that transaction, the officer and Capaldo agreed that the pawn shop operator would no longer be included in their dealings. Shortly thereafter, the officer called Capaldo and informed him that electronics merchandise similar to that he had been shown was again available. Id. at 1207-08. The officer told Capaldo that he had moved his place of business, but he would lead him there after they met in a park. The officer had no actual electronics merchandise, stolen or otherwise. When Capaldo arrived at the park, he was arrested for violating section 812.019(1), which prohibits trafficking or endeavoring to traffic in stolen property.[1]
Capaldo was also charged with Racketeer Influenced and Corrupt Organization (RICO) Act violations and conspiracy violations along with several co-defendants and with other counts of dealing in stolen property. Capaldo *719 received a judgment of acquittal as to the RICO and conspiracy charges and was also granted a severance from the co-defendants on the remaining stolen property counts. Capaldo was ultimately acquitted on the count of dealing in stolen property that was based upon the cigarette transaction, but was found guilty of a second count stemming from the imaginary electronics merchandise.
On appeal, the district court affirmed the conviction on the basis of its previous decision in Lamar v. Keesee, 512 So.2d 1066 (Fla. 5th DCA 1987), which held that there need not be stolen property to sustain a conviction under section 812.019(1). Capaldo, 654 So.2d at 1208. However, the district court also noted that in reaching this conclusion in Lamar it had "distinguish[ed] between trafficking in stolen property and endeavoring to traffic in stolen property as though these [were] two separate offenses under the same statute." Id. at 1209. The court recognized that this ruling could be inconsistent with this Court's holdings in State v. Sykes, 434 So.2d 325 (Fla.1983) (finding that the theft statute containing similar statutory language revealed a legislative intent to define theft as including attempt to commit theft), and State v. Tomas, 370 So.2d 1142 (Fla.1979) (upholding constitutionality of section 812.019(1)). Id. Thus, the district court certified the question to this Court. Id.
The State acknowledges that there must be some property which forms the basis of a trafficking charge, but asserts that there need not be any actual property where the charge is endeavoring to traffic in stolen property. In construing statutory language similar to the instant statute, this Court concluded that the words "or endeavors" reveals a legislative intent to define the substantive offense as including the attempt to commit the substantive offense. See Sykes, 434 So.2d at 327 (finding that second-degree grand theft, as defined in section 812.014, included an attempt to commit second-degree grand theft). Under such circumstances, "[t]he substantive, completed crime is fully proved when an attempt, along with the requisite intent, is established." Id. Thus, trafficking and endeavoring to traffic in stolen property have the same elements of proof. Accordingly, we find that there must be some property which forms the basis of either charge.
The legislature has statutorily precluded certain defenses to a prosecution for dealing in stolen property, including where "[p]roperty that was not stolen was offered for sale as stolen property." § 812.028(3), Fla. Stat. (1995). Florida courts have consistently upheld convictions for endeavoring to traffic in stolen property without proof that the property was actually stolen. See State v. Williams, 442 So.2d 240 (Fla. 5th DCA 1983) (holding that charge of endeavoring to traffic in stolen property could be sustained where state could not prove that air conditioner was stolen, but defendant told undercover officer that item was "hot," "it's brand new," and "You've got to move this and move it fast."); State v. Rios, 409 So.2d 241 (Fla. 3d DCA) (holding that information charging defendant with trafficking or endeavoring to traffic in stolen property was not subject to dismissal because property at issue was not stolen but belonged to the municipal police department), review denied, 419 So.2d 1199 (1982); Padgett v. State, 378 So.2d 118 (Fla. 1st DCA 1980) (same). Thus, proof of the stolen character of property is not essential to proof of the offense of "endeavoring to traffic in stolen property."
The statute at issue here provides that "[a]ny person who traffics in, or endeavors to traffic in, property that he knows or should know was stolen shall be guilty of a felony of the second degree." § 812.019(1), Fla. Stat. (1995) (emphasis added). This Court concluded that the statute was not unconstitutionally overbroad because the terms "traffic," "stolen property," and "endeavor" were defined either by statute or case law, and thus the statute was "sufficiently confined in its applicability so as not to reach conduct that is essentially innocent." Tomas, 370 So.2d at 1143. We also note that "property" is statutorily defined as "anything of value," including real property and the things affixed or growing on it, tangible or intangible personal property, and services. § 812.012(3), Fla. Stat. (1995). Thus, by its very terms, the statute requires that something *720 of value be the subject of the trafficking or endeavoring to traffic.
A person can manifest criminal intent to endeavor to traffic in stolen property even where the property actually has not been the subject of a criminally wrongful taking. For example, the defendant in Padgett purchased property from undercover police officers that was not stolen, but the defendant thought the property was stolen when he purchased it. 378 So.2d at 119. Thus, there was no question as to the defendant's intent to purchase "stolen" property; he was just mistaken as to the stolen nature of the property. Id.
However, proving the requisite criminal intent becomes problematic when no actual property is at issue. In this case, Capaldo was offered imaginary electronics merchandise at a price substantially below the fair market value, which would give rise to the inference that the property was stolen if not satisfactorily explained. See § 812.022(3), Fla. Stat. (1995) ("Proof of the purchase or sale of stolen property at a price substantially below the fair market value, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew or should have known that the property had been stolen."). Capaldo was arrested for violating section 812.019(1) when he arrived at the park to follow the undercover officer to the imaginary warehouse where the imaginary merchandise was located. Capaldo was never given an opportunity to view or inspect the "property" and determine whether he would in fact purchase it. We have no idea what questions Capaldo would have asked about the electronics merchandise or what explanation the undercover officer would have offered. Perhaps Capaldo would have declined to purchase the merchandise after inspecting it either because there was not adequate indicia of ownership or because he determined that the deal was just too good to be legitimate. Under these circumstances, the requisite criminal intent was not proven and Capaldo's conviction must be vacated.[2]
This case points out the danger of construing section 812.019(1) so that no actual property need be involved: an individual could be convicted for conduct that is essentially innocent in nature. Such a construction would be unconstitutionally vague. See Tomas, 370 So.2d at 1143.
For the reasons discussed above, we answer the reworded certified question in the affirmative, quash the decision below, and remand for proceedings consistent with this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] While Capaldo was charged and convicted under the 1993 statute, the current version of the statute is identical in all respects. Section 812.019(1), Florida Statutes (1995), provides in pertinent part that "[a]ny person who traffics in, or endeavors to traffic in, property that he knows or should know was stolen shall be guilty of a felony of the second degree."
[2] In light of our decision, we decline to address the other issue raised by Capaldo.