ALLEN, J.
The appellant challenges an order by which the trial court granted the appellee’s Florida Rule of Criminal Procedure 3.190(c)(4) motions to dismiss an amended information charging him under section 812.019(1), Florida Statutes, with twenty-eight counts of dealing in stolen property. Because the appellant has presented no argument that counts twenty-six through twenty-eight of the amended information were improperly dismissed, we affirm the order as to those counts. But we otherwise reverse the order because the undisputed material facts, as set forth in the appellee’s sworn motions,[1] establish a pri-ma facie case of dealing in stolen property.
Counts one through twenty-five of the amended information stem from a series of twenty-five separate transactions in which the appellee, a pawn broker, purchased items from the same individual, a maintenance man named Wiek, over the course of eleven weeks. Wiek, who had authority to buy equipment related to his employment, purchased items on his employer’s account at various home improvement stores, sold them soon afterward to the appellee, and kept the money he received. Almost all of the items sold to the appellee were power tools and other maintenance-related equipment being sold new, in the original boxes, with warranty information, operating man *866 uals, and other paperwork associated with a new product, but with no receipt or other proof of sale. The appellee purchased most of the items for approximately twenty percent of their retail purchase prices.
The trial court granted the appellee’s motions to dismiss on three bases: (1) the purchase of new items in a box is not prohibited by the Florida Pawnbroking Act and therefore does not constitute dealing in stolen property; (2) nothing about the underlying transactions suggested that the appellee knew or should have known that the items being sold were stolen; and (3) the items purchased by the appellee did not constitute “stolen property.” All three bases for the trial court’s order must be rejected.
First, compliance with the Florida Pawnbroking Act does not relieve the ap-pellee of criminal liability under section 812.019(1). Nothing in either of these statutory provisions or in any other cited authority suggests otherwise.
Second, based on the undisputed facts as alleged in the appellee’s sworn motions to dismiss, we conclude that there is sufficient evidence in this case, construed in the light most favorable to the appellant, upon which a reasonable jury could find the appellee guilty of dealing in stolen property. See State v. Ortiz, 766 So.2d 1137 (Fla. 3d DCA 2000) (detailing the applicable standard to be applied by a trial court when reviewing a sworn motion pursuant to Florida Rule of Criminal Procedure 3.190(c)(4)).
And third, although it is doubtful that the items purchased by the appellee had to be stolen in order to'support the state’s charges in this case, see Capaldo v. State, 679 So.2d 717 (Fla.1996), there are sufficient facts involved here to support a finding that a theft occurred at least by the time Wiek sold the items for his own personal benefit and without authority from his employer. The case relied upon by the trial court, Hutcheson v. State, 409 So.2d 207 (Fla. 5th DCA 1982), is distinguishable from the present case because the defendant in that case, unlike the ap-pellee here, had authority from his employer to sell the subject property.
The order under review is affirmed as to the ruling on counts twenty-six through twenty-eight, it is reversed as to the ruling on counts one through twenty-five, and this case is remanded.
PADOVANO and LEWIS, JJ., concur.

. The appellee filed numerous motions to dismiss throughout the course of this case, each adopting and incorporating by reference all allegations raised in all prior motions. Accordingly, although the order under review involves only the two most recent motions to dismiss, the allegations from his prior motions are properly considered.